IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| SYMBOLOGY INNOVATIONS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>TEXAS BANK AND TRUST COMPANY,<br><br>Defendant. | Civil Action No. 2:16-CV-451-JRG<br>(consolidated)<br><br>Civil Action No. 2:16-CV-450-JRG<br>(lead case)<br><br>**JURY TRIAL DEMANDED** |

## ANSWER AND ADDITIONAL DEFENSES OF TEXAS BANK AND TRUST COMPANY

Defendant Texas Bank and Trust Company ("TBT" or "Defendant"), by and through its undersigned counsel, hereby responds to the Complaint ("Complaint") of Symbology Innovations, LLC ("Symbology" or "Plaintiff"), in accordance with the numbered paragraphs thereof as follows, upon information and belief, denying Plaintiff's allegations and averments except that which is expressly admitted herein:

### RESPONSE TO INTRODUCTORY PARAGRAPH

TBT admits that Plaintiff purports to bring an action for patent infringement related to U.S. Patents No. 8,424,752, No. 8,651,369, and No. 8,936,190 (which are referred to as the "'752 Patent," "the '369 Patent," and the "'190 Patent" respectively, and the "Asserted Patents" collectively) but denies that Plaintiff is entitled to any relief from TBT.

### PARTIES AND JURISDICTION

1. TBT admits that the Complaint purports to set forth an action for patent infringement under Title 35 of the United States Code and that Plaintiff purports to seek injunctive relief as well as damages, but denies that Plaintiff is entitled to any relief from TBT.

1

2. TBT admits that the Complaint purports to set forth an action for patent infringement under the Patent Laws of the United States, and that this Court has subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §§ 1331 and 1338(a).

3. TBT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint and, therefore, denies such allegations.

4. TBT admits that it is a Texas corporation with a principal place of business at 300 East Whaley, Longview, TX 75601. TBT admits that it may be served via its registered agent for service of process at 300 East Whaley, Longview, TX 75601.

5. TBT admits that it conducts business in the state of Texas, but denies the remaining allegations contained in paragraph 5.

6. TBT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint and, therefore, denies such allegations.

## VENUE

7. TBT admits that it is deemed to reside in this district and does not contest venue in this district for purposes of this action only. TBT denies all remaining allegations contained in paragraph 7 of the Complaint.

## COUNT I
## ([ALLEGED] INFRINGEMENT OF UNITED STATES PATENT NO. 8,424,752)

8. TBT incorporates the answers set forth in paragraphs 1 through 7 by reference as if fully set forth herein.

9. TBT admits that the Complaint purports to set forth an action for patent infringement under the Patent Laws of the United States, but denies the remaining allegations contained in paragraph 9.

10. TBT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint and, therefore, denies such allegations.

11. TBT admits that a purported copy of the '752 Patent is attached to the complaint as Exhibit A and that the face of the patent indicates that it is entitled "System and Method for Presenting Information about an Object on a Portable Electronic Device." TBT is without knowledge or information sufficient to confirm or deny if the document attached as Exhibit A is a true and correct copy of the '752 Patent. TBT denies the remaining allegations of paragraph 11.

12. TBT denies the allegations contained in paragraph 12 of the Complaint.

13. TBT denies the allegations contained in paragraph 13 of the Complaint.

14. TBT denies the allegations contained in paragraph 14 of the Complaint.

15. TBT admits that a purported "partial screen shot" of the www.texasbankandtrust.com website from an undetermined time referencing the TBT gomobile app is included in the Complaint at paragraph 15. TBT denies the remaining allegations of paragraph 15.

16. TBT denies the allegations contained in paragraph 16 of the Complaint.

17. TBT denies the allegations contained in paragraph 17 of the Complaint.

18. TBT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Complaint and, therefore, denies such allegations.

19. TBT denies the allegations contained in paragraph 19 of the Complaint.

20. TBT denies the allegations contained in paragraph 20 of the Complaint.

21. TBT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Complaint and, therefore, denies such allegations.

## COUNT II
## ([ALLEGED] INFRINGEMENT OF UNITED STATES PATENT NO. 8,651,369)

22. TBT incorporates the answers set forth in paragraphs 1 through 21 by reference as if fully set forth herein.

23. TBT admits that the Complaint purports to set forth an action for patent infringement under the Patent Laws of the United States, but denies the remaining allegations contained in paragraph 23.

24. TBT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Complaint and, therefore, denies such allegations.

25. TBT admits that a purported copy of the '369 Patent is attached to the complaint as Exhibit B and that the face of the patent indicates that it is entitled "System and Method for Presenting Information about an Object on a Portable Electronic Device." TBT is without knowledge or information sufficient to confirm or deny if the document attached as Exhibit B is a true and correct copy of the '369 Patent. TBT denies the remaining allegations of paragraph 25.

26. TBT denies the allegations contained in paragraph 26 of the Complaint.

27. TBT denies the allegations contained in paragraph 27 of the Complaint.

28. TBT denies the allegations contained in paragraph 28 of the Complaint.

29. TBT admits that a purported "partial screen shot" of the www.texasbankandtrust.com website from an undetermined time referencing the TBT gomobile app is included in the Complaint at paragraph 29.  TBT denies the remaining allegations of paragraph 29.

30. TBT denies the allegations contained in paragraph 30 of the Complaint.

31. TBT denies the allegations contained in paragraph 31 of the Complaint.

32. TBT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of the Complaint and, therefore, denies such allegations.

33. TBT denies the allegations contained in paragraph 33 of the Complaint.

34. TBT denies the allegations contained in paragraph 34 of the Complaint.

35. TBT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35 of the Complaint and, therefore, denies such allegations.

## COUNT III
## ([ALLEGED] INFRINGEMENT OF UNITED STATES PATENT NO. 8,936,190)

36. TBT incorporates the answers set forth in paragraphs 1 through 35 by reference as if fully set forth herein.

37. TBT admits that the Complaint purports to set forth an action for patent infringement under the Patent Laws of the United States, but denies the remaining allegations contained in paragraph 37.

38. TBT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38 of the Complaint and, therefore, denies such allegations.

39. TBT admits that a purported copy of the '190 Patent is attached to the complaint as Exhibit C and that the face of the patent indicates that it is entitled "System and Method for Presenting Information about an Object on a Portable Electronic Device." TBT is without knowledge or information sufficient to confirm or deny if the document attached as Exhibit C is a true and correct copy of the '190 Patent. TBT denies the remaining allegations of paragraph 39.

40. TBT denies the allegations contained in paragraph 40 of the Complaint.

41. TBT denies the allegations contained in paragraph 41 of the Complaint.

42. TBT denies the allegations contained in paragraph 42 of the Complaint.

43. TBT admits that a purported "partial screen shot" of the www.texasbankandtrust.com website from an undetermined time referencing the TBT gomobile app is included in the Complaint at paragraph 43. TBT denies the remaining allegations of paragraph 43.

44. TBT denies the allegations contained in paragraph 44 of the Complaint.

45. TBT denies the allegations contained in paragraph 45 of the Complaint.

46. TBT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 46 of the Complaint and, therefore, denies such allegations.

47. TBT denies the allegations contained in paragraph 47 of the Complaint.

48. TBT denies the allegations contained in paragraph 48 of the Complaint.

49. TBT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 49 of the Complaint and, therefore, denies such allegations.

## PRAYER FOR RELIEF

TBT denies that Plaintiff is entitled to any of the relief requested in the Complaint, and specifically denies each and all of the allegations and prayers for relief contained in paragraphs (a)-(e) of Plaintiff's Prayer for Relief.

## ADDITIONAL DEFENSES

Further answering the Complaint, and as additional defenses thereto, TBT asserts the following additional defenses, without assuming the burden of proof when the burden of proof on any issue would otherwise rest with the Plaintiff. TBT expressly reserves the right to amend its answer and defenses as additional information becomes available and/or is otherwise discovered.

## FIRST ADDITIONAL DEFENSE

TBT has not infringed, and does not infringe, any valid and enforceable claim of the Asserted Patents, whether directly, indirectly, willfully, individually, jointly, contributorily, and/or by inducement, either literally or under the doctrine of equivalents.

## SECOND ADDITIONAL DEFENSE

Plaintiff is wholly or partially barred from the relief that it seeks because one or more claims of the Asserted Patents are invalid for failure to comply with one or more requirements of the patent laws of the United States, 35 U.S.C. § 100, *et seq.*, including, but not limited to, one or more of 35 U.S.C. §§ 101, 102, 103, and 112.

## THIRD ADDITIONAL DEFENSE

By reason of the proceedings at the United States Patent and Trademark Office during prosecution of the applications leading to the issuance or re-issuance of the Asserted Patents, Plaintiff is estopped from asserting that TBT has infringed, either literally or under the doctrine of equivalents, claims of the Asserted Patents.

## FOURTH ADDITIONAL DEFENSE

Plaintiff's attempted enforcement of the Asserted Patents against TBT is barred by one or more of the equitable doctrines of laches, estoppel, acquiescence, waiver, and unclean hands.

## FIFTH ADDITIONAL DEFENSE

The claims of the Asserted Patents are not entitled to a scope sufficient to encompass any system employed or process practiced by TBT or its customers.

## SIXTH ADDITIONAL DEFENSE

Plaintiff's claims for damages, if any, are limited by 35 U.S.C. § 286.

## SEVENTH ADDITIONAL DEFENSE

Plaintiff is not entitled to past damages or any other remedy under 35 U.S.C. §§ 284 or 285 with respect to any alleged infringement by TBT of the claims of the Asserted Patents to the extent that Plaintiff, any predecessor owners, and/or licensees of the Asserted Patents have not complied with the notice and/or marking requirements of 35 U.S.C. § 287.

## EIGHTH ADDITIONAL DEFENSE

Plaintiff is not entitled to any injunctive relief because Plaintiff has, at a minimum, no irreparable injury and an adequate remedy at law.

## NINTH ADDITIONAL DEFENSE

The Asserted Patents are unenforceable as a result of inequitable conduct in their procurement.  Upon information and belief, the named inventor of the Asserted Patents, Leigh Rothschild, his assignee Reagan Innovations, LLC, and / or their representatives, had knowledge of material, noncumulative prior art regarding the Asserted Patents and, on information and belief, deliberately withheld the material, non-cumulative prior art from disclosure to the United States Patent and Trademark Office ("USPTO") during prosecution of the Asserted Patents with the intent to deceive the examiner and the USPTO.

## PRAYER FOR RELIEF

WHEREFORE, Texas Bank and Trust Company denies that Plaintiff is entitled to any relief as prayed for in the Complaint or otherwise and, accordingly, respectfully prays for entry of judgment:

A. Dismissing Plaintiff's Complaint against TBT, with prejudice;

B. Denying all relief requested by Plaintiff's in its complaint;

C. Awarding to TBT its reasonable attorneys' fees, expenses, and costs incurred in connection with this action, pursuant to 35 U.S.C. § 285; and

D. Awarding to TBT such other and further relief as the Court may deem just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

TBT hereby demands a trial by jury on all issues so triable under Federal Rule of Civil Procedure 38(b).

Dated: July 5, 2016                           Respectfully submitted,

/s/ *Michael E. Jones*

Michael E. Jones
State Bar No. 10929400
mikejones@potterminton.com
Daniel A. Noteware, Jr.
State Bar No. 24051123
dannynoteware@potterminton.com
**POTTER MINTON, P.C.**
110 North College, Suite 500
Tyler, Texas 75702
Telephone:  (903) 597-8311
Facsimile:  (903) 593-0846

**ATTORNEYS FOR DEFENDANT
TEXAS BANK AND TRUST COMPANY**

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on July 5, 2016.

*/s/     Michael E. Jones*