# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| **SYMBOLOGY INNOVATIONS, LLC** | § | |
| | § | |
| Plaintiff, | § | Civil Action No.: 2:16-cv-0450 |
| vs. | § | |
| | § | [Consolidated Lead Case] |
| **HSBC BANK USA, N.A.** | § | |
| | § | [Member Case 2:16-cv-0447] |
| Defendant. | § | |

## HSBC BANK USA, N.A.'S ANSWER TO COMPLAINT

Defendant HSBC Bank USA, National Association ("HSBC") answers Plaintiff's Complaint for Patent Infringement as follows:

## PARTIES AND JURISDICTION

1.   With respect to Plaintiff's allegations in paragraph 1, HSBC admits that the Complaint purports to state claims under the patent laws of the United States.  HSBC does not contest that this Court has subject matter jurisdiction with respect to this matter.  HSBC otherwise denies the allegations in paragraph 1 and expressly denies committing, or being liable for, any act of infringement of the asserted patents.

2.   With respect to Plaintiff's allegations in paragraph 2, HSBC admits that the Complaint purports to state claims under the patent laws of the United States.  HSBC does not contest that this Court has subject matter jurisdiction with respect to this matter.  HSBC otherwise denies the allegations in paragraph 2 and expressly denies committing, or being liable for, any act of infringement of the asserted patents.

3.   HSBC lacks information sufficient to form a belief as to the truth of Plaintiff's allegations in paragraph 3, and therefore denies such allegations.

4.	HSBC admits that it is chartered under the authority of the National Bank Act, and further states that it is headquartered in the state of New York.

5.	With respect to Plaintiff's allegations in paragraph 5, HSBC admits that it transacts business in the State of Texas, and does not contest personal jurisdiction in this Court. HSBC otherwise denies the allegations in paragraph 5 and expressly denies committing, or being liable for, any act of infringement of the asserted patents. HSBC further answers by stating that it denies that this is the most convenient forum to litigate the issues in this case, and reserves all right to move to transfer venue at a later date.

6.	With respect to Plaintiff's allegations in paragraph 6, HSBC admits that it transacts business in the State of Texas, and does not contest personal jurisdiction in this Court. HSBC otherwise denies the allegations in paragraph 6 and expressly denies committing, or being liable for, any act of infringement of the asserted patents. HSBC further answers by stating that it denies that this is the most convenient forum to litigate the issues in this case, and reserves all right to move to transfer venue at a later date.

## VENUE

7.	With respect to Plaintiff's allegations in paragraph 7, HSBC admits that it transacts business in the State of Texas, and does not contest personal jurisdiction in this Court. HSBC otherwise denies the allegations in paragraph 7 and expressly denies committing, or being liable for, any act of infringement of the asserted patents. HSBC further answers by stating that it denies that this is the most convenient forum to litigate the issues in this case, and reserves all right to move to transfer venue at a later date.

## COUNT I:
## [ALLEGED] INFRINGEMENT OF U.S. PATENT NO. 8,424,752

8. In response to paragraph 8, HSBC incorporates by reference its responses to paragraphs 1-7 as if fully set forth herein.

9. With respect to Plaintiff's allegations in paragraph 9, HSBC admits that the Complaint purports to state claims under the patent laws of the United States. HSBC otherwise denies the allegations in paragraph 9 and expressly denies committing, or being liable for, any act of infringement of the asserted patents.

10. HSBC lacks information sufficient to form a belief as to the truth of Plaintiff's allegations in paragraph 10, and therefore denies such allegations.

11. HSBC admits that what appears to be a copy of United States Patent No. 8,424,752 is attached as an Exhibit to the Complaint.

12. HSBC lacks information sufficient to form a belief as to the truth of Plaintiff's allegations in paragraph 12, and therefore denies such allegations.

13. HSBC admits that it has incorporated QR codes into certain of its advertising. HSBC otherwise denies Plaintiff's allegations in paragraph 13.

14. HSBC admits that it has incorporated QR codes into certain of its advertising. HSBC otherwise denies Plaintiff's allegations in paragraph 14.

15. HSBC admits that it has incorporated QR codes into certain of its advertising. HSBC otherwise denies Plaintiff's allegations in paragraph 15.

16. HSBC admits that it has incorporated QR codes into certain of its advertising. HSBC otherwise denies Plaintiff's allegations in paragraph 16.

17. HSBC admits that it has incorporated QR codes into certain of its advertising. HSBC otherwise denies Plaintiff's allegations in paragraph 17.

18. HSBC admits that it has incorporated QR codes into certain of its advertising. HSBC otherwise denies Plaintiff's allegations in paragraph 18.

19. HSBC denies that Plaintiff is entitled to an injunction, or to any relief whatsoever from HSBC.  HSBC otherwise denies the allegations in paragraph 19 and expressly denies committing, or being liable for, any act of infringement of the asserted patents.

20. HSBC denies that Plaintiff is entitled to an injunction, or to any relief whatsoever from HSBC.  HSBC otherwise denies the allegations in paragraph 20 and expressly denies committing, or being liable for, any act of infringement of the asserted patents.

21. HSBC lacks information sufficient to form a belief as to the truth of Plaintiff's allegations in paragraph 21, and therefore denies such allegations.

## COUNT II: [ALLEGED] INFRINGEMENT OF U.S. PATENT NO. 8,651,369

22. In response to paragraph 22, HSBC incorporates by reference its responses to paragraphs 1-21 as if fully set forth herein.

23. With respect to Plaintiff's allegations in paragraph 23, HSBC admits that the Complaint purports to state claims under the patent laws of the United States.  HSBC otherwise denies the allegations in paragraph 23 and expressly denies committing, or being liable for, any act of infringement of the asserted patents.

24. HSBC lacks information sufficient to form a belief as to the truth of Plaintiff's allegations in paragraph 24, and therefore denies such allegations.

25. HSBC admits that what appears to be a copy of United States Patent No. 8,651,369 is attached as an Exhibit to the Complaint.

26. HSBC lacks information sufficient to form a belief as to the truth of Plaintiff's allegations in paragraph 26, and therefore denies such allegations.

27. HSBC admits that it has incorporated QR codes into certain of its advertising. HSBC otherwise denies Plaintiff's allegations in paragraph 27.

28. HSBC admits that it has incorporated QR codes into certain of its advertising. HSBC otherwise denies Plaintiff's allegations in paragraph 28.

29. HSBC admits that it has incorporated QR codes into certain of its advertising. HSBC otherwise denies Plaintiff's allegations in paragraph 29.

30. HSBC admits that it has incorporated QR codes into certain of its advertising. HSBC otherwise denies Plaintiff's allegations in paragraph 30.

31. HSBC admits that it has incorporated QR codes into certain of its advertising. HSBC otherwise denies Plaintiff's allegations in paragraph 31.

32. HSBC admits that it has incorporated QR codes into certain of its advertising. HSBC otherwise denies Plaintiff's allegations in paragraph 32.

33. HSBC denies that Plaintiff is entitled to an injunction, or to any relief whatsoever from HSBC. HSBC otherwise denies the allegations in paragraph 33 and expressly denies committing, or being liable for, any act of infringement of the asserted patents.

34. HSBC denies that Plaintiff is entitled to an injunction, or to any relief whatsoever from HSBC. HSBC otherwise denies the allegations in paragraph 34 and expressly denies committing, or being liable for, any act of infringement of the asserted patents.

35. HSBC lacks information sufficient to form a belief as to the truth of Plaintiff's allegations in paragraph 35, and therefore denies such allegations.

## COUNT III:
## [ALLEGED] INFRINGEMENT OF U.S. PATENT NO. 8,936,190

36. In response to paragraph 36, HSBC incorporates by reference its responses to paragraphs 1-35 as if fully set forth herein.

37. With respect to Plaintiff's allegations in paragraph 37, HSBC admits that the Complaint purports to state claims under the patent laws of the United States. HSBC otherwise denies the allegations in paragraph 37 and expressly denies committing, or being liable for, any act of infringement of the asserted patents.

38. HSBC lacks information sufficient to form a belief as to the truth of Plaintiff's allegations in paragraph 38, and therefore denies such allegations.

39. HSBC admits that what appears to be a copy of United States Patent No. 8,936,190 is attached as an Exhibit to the Complaint.

40. HSBC lacks information sufficient to form a belief as to the truth of Plaintiff's allegations in paragraph 40, and therefore denies such allegations.

41. HSBC admits that it has incorporated QR codes into certain of its advertising. HSBC otherwise denies Plaintiff's allegations in paragraph 41.

42. HSBC admits that it has incorporated QR codes into certain of its advertising. HSBC otherwise denies Plaintiff's allegations in paragraph 42.

43. HSBC admits that it has incorporated QR codes into certain of its advertising. HSBC otherwise denies Plaintiff's allegations in paragraph 43.

44. HSBC admits that it has incorporated QR codes into certain of its advertising. HSBC otherwise denies Plaintiff's allegations in paragraph 44.

45. HSBC admits that it has incorporated QR codes into certain of its advertising. HSBC otherwise denies Plaintiff's allegations in paragraph 45.

46. HSBC admits that it has incorporated QR codes into certain of its advertising. HSBC otherwise denies Plaintiff's allegations in paragraph 46.

47. HSBC denies that Plaintiff is entitled to an injunction, or to any relief whatsoever from HSBC.  HSBC otherwise denies the allegations in paragraph 47 and expressly denies committing, or being liable for, any act of infringement of the asserted patents.

48. HSBC denies that Plaintiff is entitled to an injunction, or to any relief whatsoever from HSBC.  HSBC otherwise denies the allegations in paragraph 48 and expressly denies committing, or being liable for, any act of infringement of the asserted patents.

49. HSBC lacks information sufficient to form a belief as to the truth of Plaintiff's allegations in paragraph 49, and therefore denies such allegations.

## PRAYER FOR RELIEF

HSBC denies that Plaintiff is entitled to any of the relief requested in paragraphs A-E of its Prayer for Relief, or to any relief whatsoever from HSBC.  HSBC specifically denies committing, or being liable for, any act of infringement.

## HSBC ADDITIONAL DEFENSES

1. HSBC has not infringed and is not infringing any valid claim(s) of any asserted patent.

2. The claims of the asserted patents are invalid, void and/or unenforceable for failure to comply with the requirements of 35 U.S.C. §§ 101, 102, 103 and/or 112.

3. Plaintiff's claims are barred, in whole or in part, under the doctrine of laches, waiver, exhaustion, and/or estoppel.

4. Plaintiff's claims are barred, in whole or in part, under the doctrine of unclean hands.

5. Plaintiff's Complaint fails to state a claim for which relief can be granted, including but not limited to purporting to state a claim for relief arising from an invalid patent and/or a patent that fails to claim patentable subject matter.

6. Plaintiff's claims are barred, in whole or in part, due to Plaintiff's failure to reasonably mitigate its damages, if any.

7. Plaintiff's damages are limited in view of Plaintiff's failure to mark or otherwise provide adequate notice to HSBC.

//

July 11, 2016                                      Respectfully submitted,

/s/ Edwin R. DeYoung

Edwin R. DeYoung
   Texas Bar No. 05673000
   edeyoung@lockelord.com
Roger B. Cowie
   Texas Bar No. 00783886
   rcowie@lockelord.com
M. Scott Fuller
   Texas Bar No. 24036607
   sfuller@lockelord.com
**LOCKE LORD LLP**
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201-6776
Telephone: (214) 740-8000
Facsimile: (214) 740-8800

**ATTORNEYS FOR HSBC BANK USA, N.A.**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was served electronically to all counsel of record on July 11, 2016.

/s/ M. Scott Fuller