**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| **SYMBOLGY INNOVATIONS, LLC,** ) ) | |
| Plaintiff, ) ) | Case No. 2:16-cv-00450-JRG |
| v. ) ) | LEAD CASE |
| **CITIBANK, N.A.,** ) ) | |
| Defendant. ) ) | |
| **SYMBOLGY INNOVATIONS, LLC,** ) ) | |
| Plaintiff, ) ) | Case No. 2:16-cv-00443-JRG |
| v. ) ) | CONSOLIDATED CASE |
| **BANK OF AMERICA, N.A.,** ) ) | |
| Defendant. ) ) | |

### BANK OF AMERICA, N.A.'s ANSWER

Defendant Bank of America, N.A. ("Defendant" or "BANA") hereby responds to Plaintiff Symbology Innovations, LLC's ("Symbology" or "Plaintiff") Complaint for infringement of United States Patents Nos. 8,424,752, 8,651,369 and 8,936,190 (respectively, "the '752 patent," "the '369 patent" and "the '190 patent"; collectively, "the patents-in-suit") as follows:

## **PARTIES AND JURISDICTION**

1.     BANA admits that Plaintiff purports to bring this action under Title 35 of the United States Code and that Plaintiff seeks injunctive relief and damages.  BANA denies that it has infringed any valid claim of any of the patents-in-suit.

2.     BANA admits that jurisdiction is proper in this Court under 28 U.S.C. §§ 1331 and 1338(a) because this is a civil action for patent infringement arising under the United States Patent Law.

3.     BANA lacks knowledge or information sufficient to form a belief about the truth of the allegations recited in Paragraph 3 of the Complaint and therefore denies those allegations.

4.     The Court granted Symbology's, Bank of America Corporation's and BANA's Joint Motion to Substitute Parties on July 11, 2016 [Dkt. 34], dismissing Defendant Bank of America Corporation without prejudice and substituting BANA as the Defendant.  BANA agrees that Plaintiff's prior personal service of process on Bank of America Corporation through Bank of America Corporation's registered agent The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801, shall be deemed personal service on BANA, so that no further service of process is required.  BANA is a National Association with a principal place of business at 101 South Tryon Street, Charlotte, North Carolina 28202.

5.     BANA does not contest the Court's personal jurisdiction over BANA for purposes of this action.  BANA denies that it has committed and continues to commit acts of infringement in the state of Texas or in any other state, and denies any other allegations recited in Paragraph 5 of the Complaint to the extent that they are not conclusions of law with respect to which no response is required.

6. BANA lacks knowledge or information sufficient to form a belief about the truth of the allegations recited in Paragraph 6 of the Complaint and therefore denies those allegations.

## VENUE

7. BANA does not contest the Court's personal jurisdiction over BANA for purposes of this action, acknowledges that BANA therefore is deemed to reside in this Judicial District, and therefore admits that venue is proper under 28 U.S.C. §§ 1391(c) and 1400(b). BANA denies that it has committed acts of infringement in this or any other Judicial District.

## COUNT I
## (INFRINGEMENT OF UNITED STATES PATENT NO. 8,424,752)

8. BANA repeats and incorporates herein by reference its responses to Paragraphs 1 through 7 of the Complaint.

9. BANA admits that Plaintiff is pleading a cause of action that purportedly arises under the Patent Laws of the United States, and in particular, under 35 U.S.C. §§ 271, *et seq*. BANA denies that Plaintiff has a legitimate cause of action.

10. BANA lacks knowledge or information sufficient to form a belief about the truth of the allegations recited in Paragraph 10 of the Complaint and therefore denies those allegations.

11. BANA admits that Exhibit A to the Complaint appears to be a copy of the '752 patent titled "System and Method for Presenting Information about an Object on a Portable Electronic Device."

12. BANA denies the allegations recited in Paragraph 12 of the Complaint.

13. BANA denies the allegations recited in Paragraph 13 of the Complaint.

14. BANA admits that QR codes are included in web pages that are hosted on at least one of BANA's Internet websites, and that QR codes are included in web pages directed to

BANA's Health Mobile App.  BANA lacks knowledge or information sufficient to form a belief about the truth of the allegation that BANA through internal testing or otherwise has used QR codes in one or more Internet websites to associate those QR codes with products or services and therefore denies that allegation.

15.     BANA admits that digital images of QR codes are included on web pages directed to its Health Mobile App that can be accessed on at least one of BANA's websites using URL https://benefitsolutions.bankofamerica.com/common/Receipt_Upload_PDF_00-09-1537NSB_2-20131.pdf or URL http://healthaccounts.bankofamerica.com/my_cabinet_employee.shtml. BANA admits that the images depicted in Paragraph 15 of the Complaint appear to be partial screen shots taken from the latter web page directed to BANA's Health Mobile App.  BANA lacks knowledge or information sufficient to form a belief about the truth of the allegation that BANA has tested internally or otherwise the functionality of QR codes in connection with BANA's Health Mobile App and therefore denies that allegation.

16.     BANA admits that the following language appears on a web page hosted on at least one of BANA's websites:  "You can download the Health Mobile App directly from the App Store or Google Play by typing: 'BofA Health.' Or, scan these QR codes to download the app you need!"  BANA lacks knowledge or information sufficient to form a belief about the truth of the allegation that BANA through internal testing or otherwise has used a digital image capturing device of a portable electronic device, such as the camera component of a smart phone, to capture a digital image of QR codes on web pages directed to its Health Mobile App and therefore denies that allegation.

17.     BANA lacks knowledge or information sufficient to form a belief about the truth of the allegations recited in Paragraph 17 of the Complaint and therefore denies those allegations.

18.     BANA lacks knowledge or information sufficient to form a belief about the truth of the allegations recited in Paragraph 18 of the Complaint and therefore denies those allegations.

19.     BANA denies that it has infringed any valid claim of any of the patents-in-suit and therefore denies the allegation recited in Paragraph 19 of the Complaint.

20.     BANA denies that it has infringed any valid claim of any of the patents-in-suit and therefore denies the allegations recited in Paragraph 20 of the Complaint.

21.     BANA lacks knowledge or information sufficient to form a belief about the truth of the allegation recited in Paragraph 21 of the Complaint and therefore denies that allegation.

## COUNT II
### (INFRINGEMENT OF UNITED STATES PATENT NO. 8,651,369)

22.     BANA repeats and incorporates herein by reference its responses to Paragraphs 1 through 21 of the Complaint.

23.     BANA admits that Plaintiff is pleading a cause of action that purportedly arises under the Patent Laws of the United States, and in particular, under 35 U.S.C. §§ 271, *et seq*. BANA denies that Plaintiff has a legitimate cause of action.

24.     BANA lacks knowledge or information sufficient to form a belief about the truth of the allegations recited in Paragraph 24 of the Complaint and therefore denies those allegations.

25. BANA admits that Exhibit B to the Complaint appears to be a copy of the '369 patent titled "System and Method for Presenting Information about an Object on a Portable Electronic Device."

26. BANA denies the allegations recited in Paragraph 26 of the Complaint.

27. BANA denies the allegations recited in Paragraph 27 of the Complaint.

28. BANA admits that QR codes are included in web pages that are hosted on at least one of BANA's Internet websites, and that QR codes are included in web pages directed to BANA's Health Mobile App. BANA lacks knowledge or information sufficient to form a belief about the truth of the allegation that BANA through internal testing or otherwise has used QR codes in one or more Internet websites to associate those QR codes with products or services and therefore denies that allegation.

29. BANA admits that digital images of QR codes are included on web pages directed to its Health Mobile App that can be accessed on at least one of BANA's websites using URL https://benefitsolutions.bankofamerica.com/common/Receipt_Upload_PDF_00-09-1537NSB_2-20131.pdf or URL http://healthaccounts.bankofamerica.com/my_cabinet_employee.shtml. BANA admits that the images depicted in Paragraph 29 of the Complaint appear to be partial screen shots taken from the latter web page directed to BANA's Health Mobile App. BANA lacks knowledge or information sufficient to form a belief about the truth of the allegation that BANA has tested internally or otherwise the functionality of QR codes in connection with BANA's Health Mobile App and therefore denies that allegation.

30. BANA admits that the following language appears on a web page hosted on at least one of BANA's websites: "You can download the Health Mobile App directly from the App Store or Google Play by typing: 'BofA Health.' Or, scan these QR codes to download the

app you need!" BANA lacks knowledge or information sufficient to form a belief about the truth of the allegation that BANA through internal testing or otherwise has used a digital image capturing device of a portable electronic device, such as the camera component of a smart phone, to capture a digital image of QR codes on web pages directed to its Health Mobile App and therefore denies that allegation.

31. BANA lacks knowledge or information sufficient to form a belief about the truth of the allegations recited in Paragraph 31 of the Complaint and therefore denies those allegations.

32. BANA lacks knowledge or information sufficient to form a belief about the truth of the allegations recited in Paragraph 32 of the Complaint and therefore denies those allegations.

33. BANA denies that it has infringed any valid claim of any of the patents-in-suit and therefore denies the allegation recited in Paragraph 33 of the Complaint.

34. BANA denies that it has infringed any valid claim of any of the patents-in-suit and therefore denies the allegations recited in Paragraph 34 of the Complaint.

35. BANA lacks knowledge or information sufficient to form a belief about the truth of the allegation recited in Paragraph 35 of the Complaint and therefore denies that allegation.

## COUNT III
### (INFRINGEMENT OF UNITED STATES PATENT NO. 8,936,190)

36. BANA repeats and incorporates herein by reference its responses to Paragraphs 1 through 35 of the Complaint.

37. BANA admits that Plaintiff is pleading a cause of action that purportedly arises under the Patent Laws of the United States, and in particular, under 35 U.S.C. §§ 271, *et seq*. BANA denies that Plaintiff has a legitimate cause of action.

38. BANA lacks knowledge or information sufficient to form a belief about the truth of the allegations recited in Paragraph 38 of the Complaint and therefore denies those allegations.

39. BANA admits that Exhibit C to the Complaint appears to be a copy of the '190 patent titled "System and Method for Presenting Information about an Object on a Portable Electronic Device."

40. BANA denies the allegations recited in Paragraph 40 of the Complaint.

41. BANA denies the allegations recited in Paragraph 41 of the Complaint.

42. BANA admits that QR codes are included in web pages that are hosted on at least one of BANA's Internet websites, and that QR codes are included in web pages directed to BANA's Health Mobile App. BANA lacks knowledge or information sufficient to form a belief about the truth of the allegation that BANA through internal testing or otherwise has used QR codes in one or more Internet websites to associate those QR codes with products or services and therefore denies that allegation.

43. BANA admits that digital images of QR codes are included on web pages directed to its Health Mobile App that can be accessed on at least one of BANA's websites using URL https://benefitsolutions.bankofamerica.com/common/Receipt_Upload_PDF_00-09-1537NSB_2-20131.pdf or URL http://healthaccounts.bankofamerica.com/my_cabinet_employee.shtml. BANA admits that the images depicted in Paragraph 43 of the Complaint appear to be partial screen shots taken from the latter web page directed to BANA's Health Mobile App. BANA lacks knowledge or information sufficient to form a belief about the truth of the allegation that BANA has tested internally or otherwise the functionality of QR codes in connection with BANA's Health Mobile App and therefore denies that allegation.

44. BANA admits that the following language appears on a web page hosted on at least one of BANA's websites: "You can download the Health Mobile App directly from the App Store or Google Play by typing: 'BofA Health.' Or, scan these QR codes to download the app you need!" BANA lacks knowledge or information sufficient to form a belief about the truth of the allegation that BANA through internal testing or otherwise has used a digital image capturing device of a portable electronic device, such as the camera component of a smart phone, to capture a digital image of QR codes on web pages directed to its Health Mobile App and therefore denies that allegation.

45. BANA lacks knowledge or information sufficient to form a belief about the truth of the allegations recited in Paragraph 45 of the Complaint and therefore denies those allegations.

46. BANA lacks knowledge or information sufficient to form a belief about the truth of the allegations recited in Paragraph 46 of the Complaint and therefore denies those allegations.

47. BANA denies that it has infringed any valid claim of any of the patents-in-suit and therefore denies the allegation recited in Paragraph 47 of the Complaint.

48. BANA denies that it has infringed any valid claim of any of the patents-in-suit and therefore denies the allegations recited in Paragraph 48 of the Complaint.

49. BANA lacks knowledge or information sufficient to form a belief about the truth of the allegation recited in Paragraph 49 of the Complaint and therefore denies that allegation.

**PRAYER FOR RELIEF**

BANA denies that Plaintiff is entitled to and should be awarded any of the relief it seeks from the Court against BANA.

## AFFIRMATIVE AND OTHER DEFENSES

BANA asserts the following defenses, whether affirmative or otherwise, without assuming any burden of proof that it would not otherwise have.

### FIRST DEFENSE (INVALIDITY)

1. The claims of the '752, '369 and '190 patents are invalid because they do not comply with one or more of the requirements for patentability, including those identified in 35 U.S.C. §§ 101, 102, 103 and 112.

### SECOND DEFENSE (NONINFRINGEMENT)

2. BANA has not directly or indirectly infringed any valid and enforceable claim of the '752, '369 or '190 patents, either literally or under the doctrine of equivalents.

### THIRD DEFENSE (PROSECUTION HISTORY ESTOPPEL)

3. By virtue of statements made, amendments made, or positions taken during the prosecution of the applications for the '752, '369 and '190 patents and any other related patents, Plaintiff is estopped from construing any allegedly infringed claim of the '752, '369 or '190 patents to cover or include, either literally or by application of the doctrine of equivalents, any BANA product or service, or any method performed by BANA.

### FOURTH DEFENSE (PATENT MARKING)

4. Some or all of Plaintiff's claims for relief with respect to the '752, '369 or '190 patents are limited as a consequence of a failure to comply with the marking and notice requirements of 35 U.S.C. § 287.

### FIFTH DEFENSE (LACHES)

5. Plaintiff's claims are barred in whole or in part by laches.

## **SIXTH DEFENSE (NO INJUNCTIVE RELIEF)**

6. Plaintiff is not entitled to injunctive relief because any alleged injury is not immediate or irreparable, or because Plaintiff has an adequate remedy at law.

BANA reserves the right to assert additional defenses and counterclaims after further investigation, including, but not limited to, defenses related to the validity or enforceability of the patents-in-suit.

WHEREFORE, BANA denies that Plaintiff is entitled to any relief as prayed for in the Complaint or otherwise, and accordingly, respectfully prays for entry of a judgment:

A. Dismissing Plaintiff's Complaint against BANA with prejudice;

B. That BANA has not infringed and is not infringing any valid claim of the '752, '369 or '190 patents;

C. That the claims of the '752, '369 and '190 patents are invalid;

D. Enjoining Plaintiff, its successors and its officers, agents, servants, employees and attorneys, and all other persons who are in active concert or participation with anyone described in this paragraph, from directly or indirectly asserting infringement against, or instituting any further action for infringement of the '752, '369 or '190 patents against BANA or any of its customers, agents, successors or assigns;

E. Finding that this case is exceptional under 35 U.S.C. § 285, Fed. R. Civ. P. 11, or other applicable laws, and awarding to BANA its reasonable attorneys' fees and costs incurred in connection with this action; and

F. Awarding to BANA such other and further relief as the Court may deem just and proper under the circumstances.

|  |  |
|---|---|
|  | Respectfully Submitted, |
| Dated:  July 13, 2016 | */s/ Michael E. Jones*<br>Michael E. Jones<br>State Bar No. 10929400<br>mikejones@potterminton.com<br>POTTER MINTON<br>A Professional Corporation<br>110 N. College, Suite 500<br>Tyler, Texas 75702<br>Tel:  (903) 597-8311<br>Fax:  (903) 593-0846 |
|  | Kevin J. Culligan (*pro hac vice*)<br>John P. Hanish (*pro hac vice*)<br>GOODWIN PROCTER LLP<br>The New York Times Building<br>620 Eighth Avenue<br>New York, NY 10018-1405<br>Tel:  (212) 813-8800 |
|  | *Counsel for Defendant*<br>*Bank of America, N.A.* |

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on July 13, 2016.

*/s/ Michael E. Jones*