IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| SYMBOLOGY INNOVATIONS, LLC | § § | |
| Plaintiff, | § § | Civil Action No.: 2:16-cv-0450 |
| vs. | § § | [Consolidated Lead Case] |
| LANDMARK BANK, N.A. | § § | [Member Case 2:16-cv-0448] |
| Defendant. | § § | |

**LANDMARK BANK, N.A.'S ANSWER TO COMPLAINT**

Defendant Landmark Bank, N.A. ("Landmark") answers Plaintiff's Complaint for Patent Infringement as follows:

**PARTIES AND JURISDICTION**

1. With respect to Plaintiff's allegations in paragraph 1, Landmark admits that the Complaint purports to state claims under the patent laws of the United States. Landmark does not contest that this Court has subject matter jurisdiction with respect to this matter. Landmark otherwise denies the allegations in paragraph 1 and expressly denies committing, or being liable for, any act of infringement of the asserted patents.

2. With respect to Plaintiff's allegations in paragraph 2, Landmark admits that the Complaint purports to state claims under the patent laws of the United States. Landmark does not contest that this Court has subject matter jurisdiction with respect to this matter. Landmark otherwise denies the allegations in paragraph 2 and expressly denies committing, or being liable for, any act of infringement of the asserted patents.

3. Landmark lacks information sufficient to form a belief as to the truth of Plaintiff's allegations in paragraph 3, and therefore denies such allegations.

4. Landmark admits that it is corporation organized and existing under the laws of the State of Missouri with a place of business located at 801 East Broadway, Columbia, Missouri 65201.

5. With respect to Plaintiff's allegations in paragraph 5, Landmark admits that it transacts business in the State of Texas, and does not contest personal jurisdiction in this Court. Landmark otherwise denies the allegations in paragraph 5 and expressly denies committing, or being liable for, any act of infringement of the asserted patents.

6. With respect to Plaintiff's allegations in paragraph 6, Landmark admits that it transacts business in the State of Texas. Landmark otherwise denies the allegations in paragraph 6 and expressly denies committing, or being liable for, any act of infringement of the asserted patents.

## VENUE

7. With respect to Plaintiff's allegations in paragraph 7, Landmark admits that it transacts business in the State of Texas. Landmark otherwise denies the allegations in paragraph 7 and expressly denies committing, or being liable for, any act of infringement of the asserted patents.

## COUNT I:

## [ALLEGED] INFRINGEMENT OF U.S. PATENT NO. 8,424,752

8. In response to paragraph 8, Landmark incorporates by reference its responses to paragraphs 1-7 as if fully set forth herein.

9. With respect to Plaintiff's allegations in paragraph 9, Landmark admits that the Complaint purports to state claims under the patent laws of the United States. Landmark

otherwise denies the allegations in paragraph 9 and expressly denies committing, or being liable for, any act of infringement of the asserted patents.

10. Landmark lacks information sufficient to form a belief as to the truth of Plaintiff's allegations in paragraph 10, and therefore denies such allegations.

11. Landmark admits that what appears to be a copy of United States Patent No. 8,424,752 is attached as an Exhibit to the Complaint.

12. Landmark lacks information sufficient to form a belief as to the truth of Plaintiff's allegations in paragraph 12, and therefore denies such allegations.

13. Landmark lacks information sufficient to form a belief as to the truth of Plaintiff's allegations in paragraph 13, and therefore denies such allegations.

14. Landmark lacks information sufficient to form a belief as to the truth of Plaintiff's allegations in paragraph 14, and therefore denies such allegations.

15. Landmark lacks information sufficient to form a belief as to the truth of Plaintiff's allegations in paragraph 15, and therefore denies such allegations.

16. Landmark lacks information sufficient to form a belief as to the truth of Plaintiff's allegations in paragraph 16, and therefore denies such allegations.

17. Landmark lacks information sufficient to form a belief as to the truth of Plaintiff's allegations in paragraph 17, and therefore denies such allegations.

18. Landmark lacks information sufficient to form a belief as to the truth of Plaintiff's allegations in paragraph 18, and therefore denies such allegations.

19. Landmark denies that Plaintiff is entitled to an injunction, or to any relief whatsoever from Landmark. Landmark otherwise denies the allegations in paragraph 19 and expressly denies committing, or being liable for, any act of infringement of the asserted patents.

20. Landmark denies that Plaintiff is entitled to an injunction, or to any relief whatsoever from Landmark. Landmark otherwise denies the allegations in paragraph 20 and expressly denies committing, or being liable for, any act of infringement of the asserted patents.

21. Landmark lacks information sufficient to form a belief as to the truth of Plaintiff's allegations in paragraph 21, and therefore denies such allegations.

## COUNT II:

## [ALLEGED] INFRINGEMENT OF U.S. PATENT NO. 8,651,369

22. In response to paragraph 22, Landmark incorporates by reference its responses to paragraphs 1-21 as if fully set forth herein.

23. With respect to Plaintiff's allegations in paragraph 23, Landmark admits that the Complaint purports to state claims under the patent laws of the United States. Landmark otherwise denies the allegations in paragraph 23 and expressly denies committing, or being liable for, any act of infringement of the asserted patents.

24. Landmark lacks information sufficient to form a belief as to the truth of Plaintiff's allegations in paragraph 24, and therefore denies such allegations.

25. Landmark admits that what appears to be a copy of United States Patent No. 8,651,369 is attached as an Exhibit to the Complaint.

26. Landmark lacks information sufficient to form a belief as to the truth of Plaintiff's allegations in paragraph 26, and therefore denies such allegations.

27. Landmark lacks information sufficient to form a belief as to the truth of Plaintiff's allegations in paragraph 27, and therefore denies such allegations.

28. Landmark lacks information sufficient to form a belief as to the truth of Plaintiff's allegations in paragraph 28, and therefore denies such allegations.

29. Landmark lacks information sufficient to form a belief as to the truth of Plaintiff's allegations in paragraph 29, and therefore denies such allegations.

30. Landmark lacks information sufficient to form a belief as to the truth of Plaintiff's allegations in paragraph 30, and therefore denies such allegations.

31. Landmark lacks information sufficient to form a belief as to the truth of Plaintiff's allegations in paragraph 31, and therefore denies such allegations.

32. Landmark lacks information sufficient to form a belief as to the truth of Plaintiff's allegations in paragraph 32, and therefore denies such allegations.

33. Landmark denies that Plaintiff is entitled to an injunction, or to any relief whatsoever from Landmark. Landmark otherwise denies the allegations in paragraph 33 and expressly denies committing, or being liable for, any act of infringement of the asserted patents.

34. Landmark denies that Plaintiff is entitled to an injunction, or to any relief whatsoever from Landmark. Landmark otherwise denies the allegations in paragraph 34 and expressly denies committing, or being liable for, any act of infringement of the asserted patents.

35. Landmark lacks information sufficient to form a belief as to the truth of Plaintiff's allegations in paragraph 35, and therefore denies such allegations.

## COUNT III:
## [ALLEGED] INFRINGEMENT OF U.S. PATENT NO. 8,936,190

36. In response to paragraph 36, Landmark incorporates by reference its responses to paragraphs 1-35 as if fully set forth herein.

37. With respect to Plaintiff's allegations in paragraph 37, Landmark admits that the Complaint purports to state claims under the patent laws of the United States. Landmark

otherwise denies the allegations in paragraph 37 and expressly denies committing, or being liable for, any act of infringement of the asserted patents.

38. Landmark lacks information sufficient to form a belief as to the truth of Plaintiff's allegations in paragraph 38, and therefore denies such allegations.

39. Landmark admits that what appears to be a copy of United States Patent No. 8,936,190 is attached as an Exhibit to the Complaint.

40. Landmark lacks information sufficient to form a belief as to the truth of Plaintiff's allegations in paragraph 40, and therefore denies such allegations.

41. Landmark lacks information sufficient to form a belief as to the truth of Plaintiff's allegations in paragraph 41, and therefore denies such allegations.

42. Landmark lacks information sufficient to form a belief as to the truth of Plaintiff's allegations in paragraph 42, and therefore denies such allegations.

43. Landmark lacks information sufficient to form a belief as to the truth of Plaintiff's allegations in paragraph 43, and therefore denies such allegations.

44. Landmark lacks information sufficient to form a belief as to the truth of Plaintiff's allegations in paragraph 44, and therefore denies such allegations.

45. Landmark lacks information sufficient to form a belief as to the truth of Plaintiff's allegations in paragraph 45, and therefore denies such allegations.

46. Landmark lacks information sufficient to form a belief as to the truth of Plaintiff's allegations in paragraph 46, and therefore denies such allegations.

47. Landmark denies that Plaintiff is entitled to an injunction, or to any relief whatsoever from Landmark. Landmark otherwise denies the allegations in paragraph 47 and expressly denies committing, or being liable for, any act of infringement of the asserted patents.

48. Landmark denies that Plaintiff is entitled to an injunction, or to any relief whatsoever from Landmark. Landmark otherwise denies the allegations in paragraph 48 and expressly denies committing, or being liable for, any act of infringement of the asserted patents.

49. Landmark lacks information sufficient to form a belief as to the truth of Plaintiff's allegations in paragraph 49, and therefore denies such allegations.

## PRAYER FOR RELIEF

Landmark denies that Plaintiff is entitled to any of the relief requested in paragraphs A-E of its Prayer for Relief, or to any relief whatsoever from Landmark. Landmark specifically denies committing, or being liable for, any act of infringement.

## LANDMARK ADDITIONAL DEFENSES

1. Landmark has not infringed and is not infringing any valid claim(s) of any asserted patent.

2. The claims of the asserted patents are invalid, void and/or unenforceable for failure to comply with the requirements of 35 U.S.C. §§ 101, 102, 103 and/or 112.

3. Plaintiff's claims are barred, in whole or in part, under the doctrine of laches, waiver, exhaustion, and/or estoppel.

4. Plaintiff's claims are barred, in whole or in part, under the doctrine of unclean hands.

5. Plaintiff's Complaint fails to state a claim for which relief can be granted, including but not limited to purporting to state a claim for relief arising from an invalid patent and/or a patent that fails to claim patentable subject matter.

6. Plaintiff's claims are barred, in whole or in part, due to Plaintiff's failure to reasonably mitigate its damages, if any.

7. Plaintiff's damages are limited in view of Plaintiff's failure to mark or otherwise provide adequate notice to Landmark.

July 25, 2016                                          Respectfully submitted,

**DYKEMA COX SMITH**
112 E. Pecan Street, Suite 1800
San Antonio, Texas 78205
(210) 554-5500 (Phone)
(210) 226-8395 (Fax)

By: /s/ J. Daniel Harkins
J. Daniel Harkins
Texas Bar No. 0900890
dharkins@dykema.com
Sherri A. Wilson
Texas Bar No. 24075291
swilson@dykema.com

**ATTORNEYS FOR DEFENDANT**
**LANDMARK BANK, N.A.**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on July 25, 2016, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(a)(3).

/s/ Sherri A. Wilson