IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| SYMBOLOGY INNOVATIONS, LLC | ) |
| | ) |
| Plaintiff, | ) |
| | ) **Case No.: 2:16-CV-0450** |
| v. | ) **[Consolidated Lead Case]** |
| | ) |
| PIONEER ELECTRONICS (USA), INC. | ) **[Member Case: 2:16-cv-00601]** |
| | ) |
| Defendant. | ) |
| | ) **JURY TRIAL DEMANDED** |
| | ) |

### PIONEER ELECTRONICS (USA), INC.'S ANSWER

Defendant Pioneer Electronics (USA), Inc. ("Pioneer") hereby answers Plaintiff Symbology Innovations, LLC's ("Plaintiff") Complaint (the "Complaint) as follows:

### PARTIES AND JURISDICTION[1]

1. Pioneer admits that Plaintiff's allegations of patent infringement purport to arise under Title 35 of the United States Code and that Plaintiff seeks injunctive relief and damages, but denies that any such allegations are meritorious. Pioneer denies that Plaintiff is entitled to any relief from Pioneer.

2. Pioneer admits that because Plaintiff alleges that this action arises under the patent laws of the United States, for the purpose of this action only, this Court has subject matter jurisdiction over this case for patent infringement under 28 U.S.C.

---

[1] Pioneer generally follows the headings set forth in the Complaint in order to simplify comparison of the Complaint and this Answer. By doing so, Pioneer makes no admission regarding the substance of the heading or any other allegations of the Complaint, and in fact, unless otherwise stated, to the extent that a particular heading can be construed as an allegation, Pioneer specifically denies such allegations.

§§1331 and 1338(a), but Pioneer denies any wrongdoing or infringement.

3.      Pioneer lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 3 of the Complaint, and therefore denies all such allegations.

4.      Pioneer admits that Pioneer Electronics (USA), Inc. is a Delaware corporation having its offices located at 1925 E. Dominguez Street, Long Beach, California 90810.  Pioneer admits that it may be served through its agent for service of process The Corporation Trust Company at Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

5.      Pioneer admits that it has conducted business within the State of Texas.  Pioneer denies that it has committed and continues to commit acts of infringement in the state of Texas or otherwise.  Pioneer denies any other allegations in Paragraph 5 of the Compliant.

6.      Pioneer lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 6 of the Complaint, and therefore denies all such allegations.

## VENUE

7.      Pioneer does not contest that venue is permissible under 28 U.S.C. §§ 1391(c) and 1400(b) for the purposes of this action, without admitting that it is necessarily proper or convenient.  Pioneer denies that it has committed any acts of infringement within this district or otherwise.

## COUNT I
### (INFRINGEMENT OF U.S. PATENT NO. 8,424,752)

8.      Paragraph 8 re-alleges and incorporates by reference Paragraphs 1-7 of the Complaint.  Accordingly, Pioneer incorporates by reference each of its responses set forth in Paragraphs 1-7 as if fully set forth herein.

9.      Pioneer admits that Plaintiff is pleading a cause of action that purports to

arise under the patent laws of the United States, and in particular, under 35 U.S.C. §§ 271, *et seq.*, but denies that any such allegations are meritorious.

10. Pioneer lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 10 of the Complaint, and therefore denies all such allegations.

11. Pioneer admits that "Exhibit A" attached to the Complaint appears to be a copy of the '752 Patent. Pioneer admits that on its face, the '752 Patent is entitled, "System and Method for Presenting Information about an Object on a Portable Electronic Device."

12. Pioneer denies the allegations contained in Paragraph 12 of the Complaint.

13. Pioneer denies the allegations contained in Paragraph 13 of the Complaint.

14. Pioneer admits that QR codes are used or incorporated in at least one of Pioneer's product literature, a quick start guide for its Elite VSX-45 receiver product in connection with its Start-up Navi App. Pioneer lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations set forth in Paragraph 14 of the Complaint, and therefore, denies such allegations.

15. Pioneer admits that the digital image depicted in Paragraph 15 of the Complaint appears to be a partial screen shot taken from the quick start guide for its Elite VSX-45 receiver product. Pioneer lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations set forth in Paragraph 15 of the Complaint, and therefore, denies such allegations.

16. Pioneer admits that the following language appears on product literature relating to the Start-up Navi App: "Download 'Start-up Navi' app from here. • If you have an iPhone or iPad Please search for 'Start-up Navi' app in the App Store. • If you have an Android device Please search for 'Start-up Navi' app in Google Play."

Pioneer lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations set forth in Paragraph 16 of the Complaint, and therefore, denies such allegations.

17. Pioneer lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations set forth in Paragraph 17 of the Complaint, and therefore, denies such allegations.

18. Pioneer lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations set forth in Paragraph 18 of the Complaint, and therefore, denies such allegations.

19. Pioneer denies that Plaintiff is entitled to an injunction, or any relief whatsoever from Pioneer. Pioneer denies that it has infringed any valid claim of any of the patents-in-suit and therefore denies all such allegations contained in Paragraph 19 of the Complaint.

20. Pioneer denies that Plaintiff is entitled to an injunction, or any relief whatsoever from Pioneer. Pioneer denies that it has infringed any valid claim of any of the patents-in-suit and therefore denies all such allegations contained in Paragraph 20 of the Complaint.

21. Pioneer lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations set forth in Paragraph 21 of the Complaint, and therefore, denies such allegations.

## COUNT II
## (INFRINGEMENT OF UNITED STATES PATENT NO. 8,651,369)

22. Paragraph 22 re-alleges and incorporates by reference Paragraphs 1-21 of the Complaint. Accordingly, Pioneer incorporates by reference each of its responses set forth in Paragraphs 1-21 as if fully set forth herein.

23. Pioneer admits that Plaintiff is pleading a cause of action that purports to arise under the patent laws of the United States, and in particular, under 35 U.S.C. §§

271, *et seq.*, but denies that any such allegations are meritorious.

24. Pioneer lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 24 of the Complaint, and therefore denies all such allegations.

25. Pioneer admits that "Exhibit B" attached to the Complaint appears to be a copy of the '369 Patent. Pioneer admits that on its face, the '369 Patent is entitled, "System and Method for Presenting Information about an Object on a Portable Electronic Device."

26. Pioneer denies the allegations contained in Paragraph 26 of the Complaint.

27. Pioneer denies the allegations contained in Paragraph 27 of the Complaint.

28. Pioneer admits that QR codes are used or incorporated in at least one of Pioneer's product literature, a quick start guide for its Elite VSX-45 receiver product in connection with its Start-up Navi App. Pioneer lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations set forth in Paragraph 28 of the Complaint, and therefore, denies such allegations.

29. Pioneer admits that the digital image depicted in Paragraph 29 of the Complaint appears to be a partial screen shot taken from the quick start guide for its Elite VSX-45 receiver product. Pioneer lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations set forth in Paragraph 29 of the Complaint, and therefore, denies such allegations.

30. Pioneer admits that the following language appears on product literature relating to the Start-up Navi App: "Download 'Start-up Navi' app from here. • If you have an iPhone or iPad Please search for 'Start-up Navi' app in the App Store. • If you have an Android device Please search for 'Start-up Navi' app in Google Play." Pioneer lacks knowledge or information sufficient to form a belief about the truth of

the remaining allegations set forth in Paragraph 30 of the Complaint, and therefore, denies such allegations.

31. Pioneer lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations set forth in Paragraph 31 of the Complaint, and therefore, denies such allegations.

32. Pioneer lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations set forth in Paragraph 32 of the Complaint, and therefore, denies such allegations.

33. Pioneer denies that Plaintiff is entitled to an injunction, or any relief whatsoever from Pioneer. Pioneer denies that it has infringed any valid claim of any of the patents-in-suit and therefore denies all such allegations contained in Paragraph 33 of the Complaint.

34. Pioneer denies that Plaintiff is entitled to an injunction, or any relief whatsoever from Pioneer. Pioneer denies that it has infringed any valid claim of any of the patents-in-suit and therefore denies all such allegations contained in Paragraph 34 of the Complaint.

35. Pioneer lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations set forth in Paragraph 35 of the Complaint, and therefore, denies such allegations.

## COUNT III
## (INFRINGEMENT OF UNITED STATES PATENT NO. 8,936,190)

36. Paragraph 36 re-alleges and incorporates by reference Paragraphs 1-35 of the Complaint. Accordingly, Pioneer incorporates by reference each of its responses set forth in Paragraphs 1-35 as if fully set forth herein.

37. Pioneer admits that Plaintiff is pleading a cause of action that purports to arise under the patent laws of the United States, and in particular, under 35 U.S.C. §§ 271, *et seq.*, but denies that any such allegations are meritorious.

38.     Pioneer lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 38 of the Complaint, and therefore denies all such allegations.

39.     Pioneer admits that "Exhibit C" attached to the Complaint appears to be a copy of the '190 Patent.  Pioneer admits that on its face, the '190 Patent is entitled, "System and Method for Presenting Information about an Object on a Portable Electronic Device."

40.     Pioneer denies the allegations contained in Paragraph 40 of the Complaint.

41.     Pioneer denies the allegations contained in Paragraph 41 of the Complaint.

42.     Pioneer admits that QR codes are used or incorporated in at least one of Pioneer's product literature, a quick start guide for its Elite VSX-45 receiver product in connection with its Start-up Navi App.  Pioneer lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations set forth in Paragraph 28 of the Complaint, and therefore, denies such allegations.

43.     Pioneer admits that the digital image depicted in Paragraph 43 of the Complaint appears to be a partial screen shot taken from the quick start guide for its Elite VSX-45 receiver product.  Pioneer lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations set forth in Paragraph 43 of the Complaint, and therefore, denies such allegations.

44.     Pioneer admits that the following language appears on product literature relating to the Start-up Navi App: "Download 'Start-up Navi' app from here.  • If you have an iPhone or iPad Please search for 'Start-up Navi' app in the App Store.  • If you have an Android device Please search for 'Start-up Navi' app in Google Play."  Pioneer lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations set forth in Paragraph 44 of the Complaint, and therefore,

denies such allegations.

45. Pioneer lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations set forth in Paragraph 45 of the Complaint, and therefore, denies such allegations.

46. Pioneer lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations set forth in Paragraph 46 of the Complaint, and therefore, denies such allegations.

47. Pioneer denies that Plaintiff is entitled to an injunction, or any relief whatsoever from Pioneer. Pioneer denies that it has infringed any valid claim of any of the patents-in-suit and therefore denies all such allegations contained in Paragraph 47 of the Complaint.

48. Pioneer denies that Plaintiff is entitled to an injunction, or any relief whatsoever from Pioneer. Pioneer denies that it has infringed any valid claim of any of the patents-in-suit and therefore denies all such allegations contained in Paragraph 48 of the Complaint.

49. Pioneer lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations set forth in Paragraph 49 of the Complaint, and therefore, denies such allegations.

## PRAYER FOR RELIEF

Pioneer denies that Plaintiff is entitled to any of the relief and/or judgment requested in the Complaint against Pioneer.

## PIONEER'S AFFIRMATIVE DEFENSES

Pioneer incorporates by reference the foregoing paragraphs in their entirety and asserts the following Affirmative Defenses. By asserting these defenses, Pioneer does not admit or acknowledge that it bears the burden of proof on any issue and does not accept any burden it would not otherwise bear. Pioneer reserves the right to

amend this Answer with additional defenses and/or supplement its existing defenses as further information becomes available through discovery.

## FIRST AFFIRMATIVE DEFENSE
### (Non-Infringement)

50. Pioneer has not infringed and does not infringe any valid and enforceable claim of the '752, '369 or '190 Patents, whether directly, indirectly, willfully, individually, jointly, contributorily, and/or by inducement, either literally, or under the doctrine of equivalents.

## SECOND AFFIRMATIVE DEFENSE
### (Invalidity)

51. One or more of the claims of the '752, '369 and '190 Patents are invalid for failing to satisfy the conditions for patentability set forth in Title 35 of the United States Code, including, without limitation, the requirements of 35 U.S.C. §§ 101, 102, 103, and/or 112.

## THIRD AFFIRMATIVE DEFENSE
### (Prosecution History Estoppel)

52. Plaintiff is estopped from asserting that Pioneer has infringed, either literally or under the doctrine of equivalents, any alleged claims of the '752, '369 or '190 Patents based on statements, representations and admissions made to the U.S. Patent and Trademark Office during the prosecution of the applications for the '752, '369 and '190 Patents.

## FOURTH AFFIRMATIVE DEFENSE
### (Equitable Defenses)

53. Plaintiff's claims for relief are barred, in whole or in part, by one or more of the equitable doctrines of acquiescence, estoppel, laches, unclean hands, waiver, and/or other applicable equitable doctrines.

## FIFTH AFFIRMATIVE DEFENSE

### (Limitation of Damages)

54. Plaintiff's claims for relief and prayer for damages are limited under 35 U.S.C. §§ 286, 287, 288 and/or laches.

## SIXTH AFFIRMATIVE DEFENSE

### (No Injunction)

55. Plaintiff is not entitled to injunctive relief because any injury to Plaintiff is not immediate or irreparable and because Plaintiff has an adequate remedy at law for any alleged injury.

## SEVENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

56. Plaintiff's claims are barred, in whole or in part, to the extent it has failed to mitigate its potential damages.

## **PRAYER FOR RELIEF**

WHEREFORE, Pioneer denies that Plaintiff is entitled to any relief as prayed for in the Complaint or otherwise, and accordingly, respectfully prays for entry of a judgment:

A. Dismissing Plaintiff's Complaint in its entirety with prejudice and a finding that Plaintiff takes nothing by its Complaint in this action;

B. That Pioneer has not infringed and is not infringing any valid and enforceable claim of the '752, '369 or '190 Patents;

C. That the claims of the '752, '369 and '190 Patents are invalid;

D. Enjoining Plaintiff, its successors and its officers, agents, servants, employees and attorneys, and all those in privity therewith, from asserting the '752, '369 and '190 Patents against Pioneer or any of its customers, suppliers, distributors, agents, successors or assigns;

E. Declaring this an exceptional case and awarding Pioneer its costs,

expenses, and reasonable attorney's fees incurred in connection with this action pursuant to 35 U.S.C. § 285 and all other applicable statutes, rules, and common law; and

F. Awarding Pioneer any and all other relief to which it may be entitled or which the Court deems just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

Pioneer hereby demands a trial by jury on all issues so triable.

Dated: August 23, 2016

Respectfully submitted,

 /s/ *Daniel R. Foster*
Daniel R. Foster (CA Bar No. 179753)
dfoster@mwe.com
MCDERMOTT WILL & EMERY LLP
4 Park Plaza, Suite 1700
Irvine, California 92614-2559
Tel: 949.757.7103
Fax: 949.851.9348

## **CERTIFICATE OF SERVICE**

  The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on August 23, 2016.  Any other counsel of records will be served by U.S. mail on the same date.

                   /s/ *Daniel R. Foster*
                   Daniel R. Foster

DM_US 75428070-3.061167.0032