IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| SYMBOLY INNOVATIONS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 2:16-cv-450 (JRG) |
| | ) | |
| v. | ) | |
| | ) | **LEAD CASE** |
| CITIBANK, NA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

| | | |
|---|---|---|
| SYMBOLY INNOVATIONS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 2:16-cv-599 (JRG) |
| | ) | |
| v. | ) | |
| | ) | **CONSOLIDATED CASE** |
| KWIKSET CORPORATION, | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

**DEFENDANT KWIKSET CORPORATION'S ANSWER AND
AFFIRMATIVE DEFENSES TO
<u>PLAINTIFF'S COMPLAINT</u>**

Defendant Kwikset Corporation ("Defendant" or "Kwikset") files its Answer to Plaintiff Symbology Innovations, LLC's ("Symbology" or "Plaintiff") Complaint ("Complaint") admitting only those certain facts as so specifically stated below and denying all others alleged in the Complaint, and states as follows:

## PARTIES AND JURISDICTION

1. Kwikset admits that Plaintiff purports to assert a claim for patent infringement arising under the laws of the United States, but denies the merits of all such allegations and specifically denies that it has committed any acts of patent infringement and that Plaintiff is entitled to any relief.

2. Kwikset admits that this Court has subject matter jurisdiction over this matter under 28 U.S.C. §§ 1331 and 1338.

3. Kwikset lacks sufficient knowledge to admit or deny the allegations contained within Paragraph 3 of the Complaint and, therefore, denies those allegations.

4. Kwikset admits that it is a Delaware corporation with its corporate headquarters and principal place of business at 19701 Da Vinci, Foothill Ranch, California 92610.  Kwikset admits that it has appointed the Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801 as its agent for service of process.

5. Kwikset admits that it has conducted business in the State of Texas, but it denies that it has committed any act of infringement as alleged in the complaint.  For purposes of this action only, Kwikset admits that the Court has personal jurisdiction over Kwikset.

6. Kwikset admits that it has conducted business in the State of Texas and the Eastern District of Texas, but it denies the remainder of the allegations in this paragraph.

## **VENUE**

7. Kwikset denies that venue is more proper or more convenient in this judicial district than in other jurisdictions, and reserves its right to seek transfer of this case to another jurisdiction pursuant to 28 U.S.C. § 1404(a), at a minimum. Kwikset denies all allegations as to alleged infringement. To the extent a response is required to any remaining allegations in Paragraph 7 of the Complaint, Kwikset denies such allegations.

## **COUNT 1 – ALLEGED INFRINGEMENT OF UNITED STATES PATENT NO. 8,424,752**

8. Kwikset incorporates its paragraph 1 through 7 responses herein by reference.

9. Kwikset admits that Plaintiff alleges causes of action arising under the patent laws of the United States, but Kwikset denies any and all allegations thereof and/or Plaintiff's entitlement to any relief thereunder.

10. Kwikset lacks sufficient knowledge to admit or deny the allegations contained within Paragraph 10 of the Complaint and, therefore, denies those allegations.

11. Kwikset admits that U.S. Patent No. 8,424,752 (the "'752 Patent") appears to be entitled "System and Method for Presenting Information about an Object on a Portable Electronic Device," and that a copy of same appears to be attached to the Complaint as Exhibit A. To the extent there are any allegations of infringement of the '752 Patent, Kwikset denies the remaining allegations in Paragraph 11 of the Complaint.

12. Denied as to alleged validity; Kwikset lacks sufficient knowledge to admit or deny the remainder of the allegations contained within Paragraph 12 of the Complaint and therefore denies those allegations.

13. Denied.

14. Denied as to any express or implied allegations of infringement; Admitted that Kwikset has a product named Kevo. Plaintiff appears to otherwise be stating claim construction and/or alleged infringement positions herein, and those are denied.

15. Denied as to any express or implied allegations of infringement; Admitted that Kwikset has a product named Kevo and that the excerpt below paragraph 15 appears to be an excerpt taken from the Kevo Installation and User Guide. Plaintiff appears to otherwise be stating claim construction and/or alleged infringement positions herein, and those are denied.

16. Plaintiff appears to be stating claim construction and/or alleged infringement positions herein, and those are denied.

17. Plaintiff appears to be stating claim construction and/or alleged infringement positions herein, and those are denied.

18. Plaintiff appears to be stating claim construction and/or alleged infringement positions herein, and those are denied. Kwikset admits that the screenshot below paragraph 18 appears to be accurately taken from its website.

19. Denied.

20. Denied.

21. Kwikset lacks sufficient knowledge to admit or deny the allegations contained within Paragraph 21 of the Complaint and therefore denies those allegations.

### COUNT II – ALLEGED INFRINGEMENT OF UNITED STATES PATENT NO. 8,651,369

22. Kwikset incorporates its paragraph 1 through 21 responses herein by reference.

23. Kwikset admits that Plaintiff alleges causes of action arising under the patent laws of the United States, but Kwikset denies any and all allegations thereof and/or Plaintiff's entitlement to any relief thereunder.

24. Kwikset lacks sufficient knowledge to admit or deny the allegations contained within Paragraph 24 of the Complaint and therefore denies those allegations.

25. Kwikset admits that U.S. Patent No. 8,651,369 (the "'369 Patent") appears to be entitled "System and Method for Presenting Information about an Object on a Portable Electronic Device," and that copy of same appears to be attached to the Complaint as Exhibit B. To the extent there are any allegations of infringement of the '369 Patent, Kwikset denies the remaining allegations in Paragraph 25 of the Complaint.

26. Denied as to alleged validity; Kwikset lacks sufficient knowledge to admit or deny the remainder of the allegations contained within Paragraph 26 of the Complaint and therefore denies those allegations.

27. Denied.

28. Denied as to any express or implied allegations of infringement; Admitted that Kwikset has a product named Kevo. Plaintiff appears to otherwise be stating claim construction and/or alleged infringement positions herein, and those are denied.

29. Denied as to any express or implied allegations of infringement; Admitted that Kwikset has a product named Kevo. Kwikset admits that the image below paragraph 29 appears to be accurately taken from its Kevo Installation and User Guide. Plaintiff appears to otherwise be stating claim construction and/or alleged infringement positions herein, and those are denied.

30. Plaintiff appears to be stating claim construction and/or alleged infringement positions herein, and those are denied.

31. Plaintiff appears to be stating claim construction and/or alleged infringement positions herein, and those are denied.

32. Plaintiff appears to be stating claim construction and/or alleged infringement positions herein, and those are denied. Kwikset admits that the screenshot below paragraph 32 appears to be accurately taken from its website.

33. Denied.

34. Denied.

35. Kwikset lacks sufficient knowledge to admit or deny the allegations contained within Paragraph 35 of the Complaint and therefore denies those allegations.

## COUNT III – ALLEGED INFRINGEMENT OF U.S. PATENT NO. 8,936,190

36. Kwikset incorporates its paragraph 1 through 35 responses herein by reference.

37. Kwikset admits that Plaintiff alleges causes of action arising under the patent laws of the United States, but Kwikset denies any and all allegations thereof and/or Plaintiff's entitlement to any relief thereunder.

38. Kwikset lacks sufficient knowledge to admit or deny the allegations contained within Paragraph 38 of the Complaint and therefore denies those allegations.

39. Kwikset admits that U.S. Patent No. 8,936,190 (the "'190 Patent") appears to be entitled "System and Method for Presenting Information about an Object on a Portable Electronic Device," and that copy of same appears to be attached to the Complaint as Exhibit C. To the extent there are any allegations of infringement of the '190 Patent, Kwikset denies the remaining allegations in Paragraph 39 of the Complaint.

40. Denied as to alleged validity; Kwikset lacks sufficient knowledge to admit or deny the remainder of the allegations contained within Paragraph 40 of the Complaint and therefore denies those allegations.

41. Denied.

42. Denied as to any express or implied allegations of infringement; Admitted that Kwikset has a product named Kevo. Plaintiff appears to otherwise be stating claim construction and/or alleged infringement positions herein, and those are denied.

43. Denied as to any express or implied allegations of infringement; Admitted that Kwikset has a product named Kevo. Kwikset admits that the image below paragraph 43 appears to be accurately taken from its Kevo Installation and User Guide. Plaintiff appears to otherwise be stating claim construction and/or alleged infringement positions herein, and those are denied.

44. Plaintiff appears to be stating claim construction and/or alleged infringement positions herein, and those are denied.

45. Plaintiff appears to be stating claim construction and/or alleged infringement positions herein, and those are denied.

46. Plaintiff appears to be stating claim construction and/or alleged infringement positions herein, and those are denied. Kwikset admits that the screenshot below paragraph 46 appears to be accurately taken from its website.

47. Denied.

48. Denied.

49. Kwikset lacks sufficient knowledge to admit or deny the allegations contained within Paragraph 49 of the Complaint and therefore denies those allegations.

**PRAYER FOR RELIEF**

To the extent Plaintiff's Prayer for Relief contains any allegations and/or averments, Kwikset denies all such allegations.

**AFFIRMATIVE DEFENSES**

Upon information and belief, Kwikset alleges and asserts the following defenses, affirmative or otherwise, without assuming any burden of proof that it would not otherwise have. In addition to the affirmative defenses described below and subject to Kwikset's responses in this Answer, Kwikset specifically reserves all rights to allege additional defenses, affirmative or otherwise, under Federal Rule of Civil Procedure 8(c), the operative orders in this action, the Patent Laws of the United States, and/or any other defenses at law or in equity that may now exist or in the future become available based on discovery and further investigation in this case.

## FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

## SECOND DEFENSE

Kwikset has not infringed, and is not infringing, any claim of the '752 Patent, the '369 Patent, and/or the '190 Patent (collectively, the "Asserted Patents").

## THIRD DEFENSE

The Asserted Patents are invalid because they fail to satisfy the conditions for patentability specified in Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.  For example, QR codes have been in use since at least 1994.  Plaintiff's attempt to capture technology from the 1990's cannot be and should not be found to be inventive.

## FOURTH DEFENSE

Plaintiff's claims are barred in whole, or in part, by the doctrine of prosecution history estoppel based on statements, representations and/or admissions made during prosecution of the patent applications resulting in the Asserted Patents.

## FIFTH DEFENSE

To the extent that Plaintiff did not appropriately mark and/or have marked, Plaintiff is further barred from recovering damages in whole, or in part, pursuant to 35 U.S.C. § 287.

## SIXTH DEFENSE

Plaintiff is not entitled to injunctive relief because Plaintiff has not suffered any immediate or irreparable injury, and Plaintiff has an adequate remedy at law to the extent it can prove any of its claims. Plaintiff cannot prove that (a) it has suffered an irreparable injury, (b) remedies available at law are inadequate to compensate for any alleged injury, (c) any remedy in equity is warranted, and/or (d) the public's interests would be disserved by a permanent injunction.

## JURY DEMAND

Kwikset respectfully demands a jury trial on all issues so triable.

## KWIKSET'S PRAYER FOR RELIEF

WHEREFORE Kwikset prays that the Court:

A) Deny all of Plaintiff's claims and enter judgment that Plaintiff take nothing by reason of its Complaint;

B) Dismiss the Complaint against Kwikset with prejudice;

C) Declare that this case is exceptional pursuant to 35 U.S.C. § 285 and award Kwikset its attorney fees, expenses, and costs for this action; and

H) Award Kwikset such other and further relief as the Court may deem appropriate.

Dated: September 6, 2016

Respectfully submitted,

*/s/ Allen Gardner*
Allen Gardner
**Gillam & Smith LLP**
303 S. Washington Ave.
Marshall, TX 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257
allen@gillamsmithlaw.com

**ATTORNEYS FOR DEFENDANT KWIKSET CORPORATION**

## **CERTIFICATE OF SERVICE**

I undersigned hereby certifies that all counsel of record who have consented to electronic service are being served with a copy of the foregoing document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this 6th day of September 2016.

*/s/ Allen Gardner*