UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| SYMBOLOGY INNOVATIONS, LLC,<br><br>        Plaintiff<br><br>v.<br><br>CITIBANK, N.A.<br><br>        Defendant. | Case No: 2:16-cv-0450-JRG<br><br>LEAD CASE |
| SYMBOLOGY INNOVATIONS, LLC,<br><br>        Plaintiff<br><br>v.<br><br>NETGEAR, INC.<br><br>        Defendant. | Case No. 2:16-CV-00600-JRG<br><br>CONSOLIDATED CASE |

**<u>NETGEAR INC.'S ANSWER</u>**

Defendant NETGEAR, Inc. ("NETGEAR") responds to Complaint of Symbology Innovations, LLC ("Symbology" or "Plaintiff") as follows:

## ANSWER

## PARTIES AND JURISDICTION

1. NETGEAR admits, on information and belief, that the Complaint purports to set forth an action under Title 35 of the United States Code, and that Plaintiff is seeking injunctive relief as well as damages. NETGEAR denies all allegations of patent infringement and that Plaintiff is entitled to any relief.

2. NETGEAR admits, on information and belief, that jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 (Federal Question) and 1338(a) (Patents) because the Complaint purports to set forth a civil action for patent infringement arising under the United States patent statutes.

3. NETGEAR is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 3, and therefore denies them.

4. NETGEAR admits the allegations of Paragraph 4.

5. NETGEAR admits, on information and belief, that the Court has personal jurisdiction over it in this action. NETGEAR denies the remaining allegations of Paragraph 5 of the Complaint, and specifically denies all allegations of patent infringement and that Plaintiff is entitled to any relief.

6. NETGEAR admits that it has conducted business in the State of Texas, and denies the remaining allegations of Paragraph 6 of the Complaint, and specifically denies all allegations of patent infringement and that Plaintiff is entitled to any relief.

## VENUE

7. NETGEAR admits, on information and belief, that venue may be proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c) and 28 U.S.C. § 1400(b), but NETGEAR denies that venue is convenient in this district, and denies the remaining allegations of Paragraph 7 of the Complaint, and specifically denies all allegations of patent infringement and that Plaintiff is entitled to any relief.

## COUNT I

8. NETGEAR incorporates by reference its responses to Paragraphs 1 through 7 above.

9. NETGEAR admits that the Complaint purports to set forth a claim under the patent laws of the United States. NETGEAR denies the remaining allegations of Paragraph 9 of the Complaint, and specifically denies all allegations of patent infringement and that Plaintiff is entitled to any relief.

10. NETGEAR is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 10, and therefore denies them.

11. NETGEAR admits, on information and belief, that the '752 patent appears to be entitled "System and Method for Presenting Information about an Object on a Portable Electronic Device." NETGEAR further admits that a copy of what Plaintiff alleges to be the '752 patent is attached to the Complaint as Exhibit A.

12. NETGEAR denies the allegations of Paragraph 12 of the Complaint.

13. NETGEAR denies the allegations of Paragraph 13 of the Complaint.

14. NETGEAR denies any express or implied allegations of infringement in Paragraph 14 of the Complaint. NETGEAR admits that there is a NETGEAR Genie App

product.  Plaintiff appears to otherwise be stating claim construction and/or alleged infringement positions herein, and those are denied.  NETGEAR specifically denies all allegations of patent infringement and that Plaintiff is entitled to any relief.

15.    NETGEAR denies any express or implied allegations of infringement in Paragraph 15 of the Complaint.  NETGEAR admits that there is a NETGEAR Genie App product.  NETGEAR admits that what Plaintiff alleges is an example of a digital image of a QR code is depicted in Paragraph 15 of the Complaint. Plaintiff appears to otherwise be stating claim construction and/or alleged infringement positions herein, and those are denied.  NETGEAR specifically denies all allegations of patent infringement and that Plaintiff is entitled to any relief.

16.    NETGEAR denies any express or implied allegations of infringement in Paragraph 16 of the Complaint.  NETGEAR admits that there is a NETGEAR Genie App product and product literature for such product. Plaintiff appears to otherwise be stating claim construction and/or alleged infringement positions herein, and those are denied.  NETGEAR specifically denies all allegations of patent infringement and that Plaintiff is entitled to any relief.

17.    NETGEAR denies any express or implied allegations of infringement in Paragraph 17 of the Complaint. Plaintiff appears to be stating claim construction and/or alleged infringement positions herein, and those are denied, and NETGEAR specifically denies all allegations of patent infringement and that Plaintiff is entitled to any relief.

18.    NETGEAR denies any express or implied allegations of infringement in Paragraph 18 of the Complaint.  NETGEAR admits that what Plaintiff alleges to be a partial screen shot of a website is depicted in Paragraph 18 of the Complaint.  Plaintiff appears to be stating claim construction and/or alleged infringement positions herein, and those are denied, and NETGEAR specifically denies all allegations of patent infringement and that Plaintiff is entitled

to any relief.

19. NETGEAR denies the allegations of Paragraph 19 of the Complaint.

20. NETGEAR denies the allegations of Paragraph 20 of the Complaint.

21. NETGEAR is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 21, and therefore denies them.

## COUNT II

22. NETGEAR incorporates by reference its responses to Paragraphs 1 through 21 above.

23. NETGEAR admits that the Complaint purports to set forth a claim under the patent laws of the United States.  NETGEAR denies the remaining allegations of Paragraph 23 of the Complaint, and specifically denies all allegations of patent infringement and that Plaintiff is entitled to any relief.

24. NETGEAR is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 24, and therefore denies them.

25. NETGEAR admits, on information and belief, that the '369 patent appears to be entitled "System and Method for Presenting Information about an Object on a Portable Electronic Device."  NETGEAR further admits that a copy of what Plaintiff alleges to be the '369 patent is attached to the Complaint as Exhibit B.

26. NETGEAR denies the allegations of Paragraph 26 of the Complaint.

27. NETGEAR denies the allegations of Paragraph 27 of the Complaint.

28. NETGEAR denies any express or implied allegations of infringement in Paragraph 28 of the Complaint.  NETGEAR admits that there is a NETGEAR Genie App product.  Plaintiff appears to otherwise be stating claim construction and/or alleged infringement

positions herein, and those are denied. NETGEAR specifically denies all allegations of patent infringement and that Plaintiff is entitled to any relief.

29. NETGEAR denies any express or implied allegations of infringement in Paragraph 29 of the Complaint. NETGEAR admits that there is a NETGEAR Genie App product. NETGEAR admits that what Plaintiff alleges is an example of a digital image of a QR code is depicted in Paragraph 29 of the Complaint. Plaintiff appears to otherwise be stating claim construction and/or alleged infringement positions herein, and those are denied. NETGEAR specifically denies all allegations of patent infringement and that Plaintiff is entitled to any relief.

30. NETGEAR denies any express or implied allegations of infringement in Paragraph 30 of the Complaint. NETGEAR admits that there is a NETGEAR Genie App product and product literature for such product. Plaintiff appears to otherwise be stating claim construction and/or alleged infringement positions herein, and those are denied. NETGEAR specifically denies all allegations of patent infringement and that Plaintiff is entitled to any relief.

31. NETGEAR denies any express or implied allegations of infringement in Paragraph 31 of the Complaint. Plaintiff appears to be stating claim construction and/or alleged infringement positions herein, and those are denied, and NETGEAR specifically denies all allegations of patent infringement and that Plaintiff is entitled to any relief.

32. NETGEAR denies any express or implied allegations of infringement in Paragraph 32 of the Complaint. NETGEAR admits that what Plaintiff alleges to be a partial screen shot of a website is depicted in Paragraph 32 of the Complaint. Plaintiff appears to be stating claim construction and/or alleged infringement positions herein, and those are denied, and NETGEAR specifically denies all allegations of patent infringement and that Plaintiff is entitled to any relief.

US_ACTIVE-128371528.1-AHILGARD

33. NETGEAR denies the allegations of Paragraph 33 of the Complaint.

34. NETGEAR denies the allegations of Paragraph 34 of the Complaint.

35. NETGEAR is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 35, and therefore denies them.

## COUNT III

36. NETGEAR incorporates by reference its responses to Paragraphs 1 through 35 above.

37. NETGEAR admits that the Complaint purports to set forth a claim under the patent laws of the United States. NETGEAR denies the remaining allegations of Paragraph 37 of the Complaint, and specifically denies all allegations of patent infringement and that Plaintiff is entitled to any relief.

38. NETGEAR is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 38, and therefore denies them.

39. NETGEAR admits, on information and belief, that the '190 Patent appears to be entitled "System and Method for Presenting Information about an Object on a Portable Electronic Device." NETGEAR further admits that a copy of what Plaintiff alleges to be the '190 patent is attached to the Complaint as Exhibit C.

40. NETGEAR denies the allegations of Paragraph 40 of the Complaint.

41. NETGEAR denies the allegations of Paragraph 41 of the Complaint.

42. NETGEAR denies any express or implied allegations of infringement in Paragraph 42 of the Complaint. NETGEAR admits that there is a NETGEAR Genie App product. Plaintiff appears to otherwise be stating claim construction and/or alleged infringement positions herein, and those are denied. NETGEAR specifically denies all allegations of patent

infringement and that Plaintiff is entitled to any relief.

43. NETGEAR denies any express or implied allegations of infringement in Paragraph 43 of the Complaint. NETGEAR admits that there is a NETGEAR Genie App product. NETGEAR admits that what Plaintiff alleges is an example of a digital image of a QR code is depicted in Paragraph 43 of the Complaint. Plaintiff appears to otherwise be stating claim construction and/or alleged infringement positions herein, and those are denied. NETGEAR specifically denies all allegations of patent infringement and that Plaintiff is entitled to any relief.

44. NETGEAR denies any express or implied allegations of infringement in Paragraph 44 of the Complaint. NETGEAR admits that there is a NETGEAR Genie App product and product literature for such product. Plaintiff appears to otherwise be stating claim construction and/or alleged infringement positions herein, and those are denied. NETGEAR specifically denies all allegations of patent infringement and that Plaintiff is entitled to any relief.

45. NETGEAR denies any express or implied allegations of infringement in Paragraph 45 of the Complaint. Plaintiff appears to be stating claim construction and/or alleged infringement positions herein, and those are denied, and NETGEAR specifically denies all allegations of patent infringement and that Plaintiff is entitled to any relief.

46. NETGEAR denies any express or implied allegations of infringement in Paragraph 46 of the Complaint. NETGEAR admits that what Plaintiff alleges to be a partial screen shot of a website is depicted in Paragraph 46 of the Complaint. Plaintiff appears to be stating claim construction and/or alleged infringement positions herein, and those are denied, and NETGEAR specifically denies all allegations of patent infringement and that Plaintiff is entitled to any relief.

47. NETGEAR denies the allegations of Paragraph 47 of the Complaint.

48. NETGEAR denies the allegations of Paragraph 48 of the Complaint.

49. NETGEAR is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 49, and therefore denies them.

### [PLAINTIFF'S] PRAYER OF RELIEF

NETGEAR incorporates by reference its responses to Paragraphs 1 through 49 above. To the extent Plaintiff's Prayer for Relief contains any allegations and/or averments, NETGEAR denies all such allegations and/or averments. NETGEAR denies that Plaintiff is entitled to any relief whatsoever against NETGEAR in this action, either as prayed for in the Complaint or otherwise. Except as expressly admitted above, NETGEAR denies each and every allegation contained in the Complaint.

### AFFIRMATIVE DEFENSES

NETGEAR hereby asserts the following affirmative defenses, without undertaking or otherwise shifting the applicable burden of proof in any respect. NETGEAR specifically reserves the right to assert additional affirmative defenses as warranted by facts learned through investigation and discovery.

**First Affirmative Defense**

1. The Complaint fails to state a claim upon which relief can be granted.

**Second Affirmative Defense**

2. NETGEAR does not infringe, nor has it infringed, directly infringed, contributorily infringed or induced infringement of the patents-in-suit, either by literal infringement or by infringement under the doctrine of equivalents.

**Third Affirmative Defense**

3. One or more of the claims of the patents-in-suit are invalid and/or unenforceable

under one or more of the provisions of Title 35, U.S.C. Sections 100, et. seq., including Sections 101, 102, 103 and 112 thereof.

**Fourth Affirmative Defense**

4. One or more of the claims of the patents-in-suit are barred by the doctrine of estoppel (including, but not limited to, equitable estoppel, prosecution history estoppel and otherwise).

**Fifth Affirmative Defense**

5. One or more of the claims are barred in whole or in part by the doctrines of waiver and/or laches.

**Sixth Affirmative Defense**

6. One or more of the claims are unenforceable in whole or in part under the doctrine of unclean hands.

**Seventh Affirmative Defense**

7. Plaintiff's claim for damages is barred to the extent that Plaintiff and/or Plaintiff's predecessor or licensee failed to mark products in accordance with Title 35, United States Code Section 287 (a).

**Eighth Affirmative Defense**

8. Upon information and belief, Plaintiff lacks standing to bring the claims and/or requests for relief set forth in the Complaint.

**Ninth Affirmative Defense**

9. Plaintiff's purported damages, if any, are limited by Title 35, United States Code Sections 286, 287 and 288, and the limitation period further bars past damages claims.

### Tenth Affirmative Defense

10.     The claims of the patents-in-suit are invalid and unenforceable because of the applicant's failure to comply with 35 U.S.C. §§ 111 and 116.

### Eleventh Affirmative Defense

11.     Plaintiff's claims are barred to the extent that some or all of the accused activities and/or products are licensed, expressly or impliedly.

### Twelfth Affirmative Defense

12.     Plaintiff cannot satisfy the requirements applicable to request for injunctive relief and have an adequate remedy at law.

### Thirteenth Affirmative Defense

13.     Plaintiff's claims are barred and/or limited by the doctrines of full compensation, patent exhaustion, and/or first sale, and Plaintiff is not entitled to double recovery.

### Fourteenth Affirmative Defense

14.     Plaintiff has acquiesced to NETGEAR's conduct as alleged in the Complaint.

### Fifteenth Affirmative Defense

15.     Plaintiff has failed to state facts sufficient to support an award of attorneys' fees to Plaintiffs.

### Sixteenth Affirmative Defense

16.     Plaintiff's claims, in whole or in part, are barred under 28 U.S.C. § 1498.

### Seventeenth Affirmative Defense

17.     Plaintiff has failed to provide any notice concerning the patents-in-suit, and has not moved for a preliminary injunction, and is thus barred from bringing claims of willful infringement.

**Eighteenth Affirmative Defense**

18. Plaintiff has failed to allege any pre-filing conduct or sufficient post-filing conduct to support a claim of willful infringement as to any of the patents-in-suit.

NETGEAR reserves its rights to amend its Answer based on subsequently acquired information.

## PRAYER FOR RELIEF

WHEREFORE, NETGEAR requests that this Court enter a judgment in its favor and against Plaintiff as follows:

A. Dismissing Plaintiff's Complaint with prejudice in its entirety and denying all relief requested therein;

B. Entering judgment in favor of NETGEAR and adjudging that Plaintiff takes nothing;

C. Declaring that this case is exceptional under 35 U.S.C. § 285 and awarding NETGEAR its costs, expenses and reasonable attorneys' fees; and

D. Granting such further relief to NETGEAR as is just and proper.

## DEMAND FOR JURY TRIAL

Defendant NETGEAR hereby requests trial by jury.

September 12, 2016

        /s/          John P. Bovich
John P. Bovich, Pro Hac Vice (Cal. SBN 150688)
Jonah D. Mitchell, Pro Hac Vice (Cal. SBN 203511)
**REED SMITH LLP**
101 Second Street, Suite 1800
San Francisco, CA  94105
Telephone:  +1 415 543 8700
Facsimile:  +1 415 391 8269

      Email:  jbovich@reedsmith.com
      Email:  jmitchell@reedsmith.com

      Michael J. Forbes
      Texas Bar Number: 24074217
      Reed Smith LLP
      811 Main Street, Suite 1700
      Houston, TX 77002-6110
      Telephone: (713) 469-3864
      Facsimile: (713) 469-3899
      mforbes@reedsmith.com

      Counsel for Defendant NETGEAR, Inc.

- 13 -

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM-ECF System per Local Rule CV-5(a)(3) on this 12th day of September 2016.

*/s/ John P. Bovich*_____
John P. Bovich