**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| SYMBOLOGY INNOVATIONS, LLC,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>AUNTIE ANNE'S LLC,<br><br>　　　　　Defendant. | Civ. No.  2:16-CV-597-JRG<br>(consolidated)<br><br>Civ. No.  2:16-CV-450-JRG<br>(lead case)<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANT AUNTIE ANNE'S LLC'S ANSWER, AFFIRMATIVE DEFENSES,**
**AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT**

Defendant Auntie Anne's LLC ("Auntie Anne's"), by and through its attorneys, for its

Answer, Affirmative Defenses, and Counterclaims to the claims of the Complaint of Plaintiff

Symbology Innovations, LLC ("Symbology"), states:

**PARTIES AND JURISDICTION**

1.　　　Auntie Anne's admits that the Complaint purports to state claims against Auntie

Anne's under the patent laws of the United States, Title 35 of the United States Code, but denies

the legal sufficiency of Symbology's claims and allegations.　Auntie Anne's admits that

Symbology is seeking injunctive relief as well as damages, but denies the legal sufficiency of

Symbology's alleged entitlement to such relief.

2.　　　Auntie Anne's admits that this Court has subject matter jurisdiction over

Symbology's claims in the Complaint pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3.　　　Auntie Anne's lacks sufficient knowledge or information to form a belief as to the

truth of the allegations of Paragraph 3 of the Complaint and therefore denies those allegations.

4.      Auntie Anne's admits that Auntie Anne's LLC is a Pennsylvania limited liability company, with a principal place of business at 48-50 West Chestnut Street, Suite 200, Lancaster, Pennsylvania 17603.

5.      Auntie Anne's admits that the Court has personal jurisdiction over Auntie Anne's for the purposes of this action.  Auntie Anne's denies the remaining allegations of Paragraph 5 of the Complaint.

6.      Auntie Anne's denies the allegations of Paragraph 6 of the Complaint.

## VENUE

7.      Auntie Anne's admits that venue is proper in the Eastern District of Texas, but denies that this venue is convenient for litigating this case.  Auntie Anne's denies the remaining allegations of Paragraph 7 of the Complaint.

## CLAIMS FOR RELIEF

### Count I
### (Alleged Infringement of United States Patent No. 8,424,752)

8.      Auntie Anne's repeats and incorporates by reference its responses to the allegations in Paragraphs 1 through 7 above.

9.      Auntie Anne's admits that the Complaint purports to state claims against Auntie Anne's under the patent laws of the United States, in particular 35 U.S.C. §§ 271, *et seq*., but denies the legal sufficiency of Symbology's claims and allegations.

10.     Auntie Anne's lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 10 of the Complaint and therefore denies those allegations.

11.     Auntie Anne's admits that a purported copy of the '752 Patent, titled "System and Method for Presenting Information about an Object on a Portable Electronic Device," is attached to the Complaint as Exhibit A.  Auntie Anne's denies all remaining allegations of Paragraph 11.

12.     Auntie Anne's lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 12 of the Complaint and therefore denies those allegations.

13.     Auntie Anne's denies the allegations of Paragraph 13 of the Complaint.

14.     Auntie Anne's lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 14 of the Complaint and therefore denies those allegations.

15.     Auntie Anne's admits that the image included in Paragraph 15 appears to be Auntie Anne's product literature. Auntie Anne's lacks sufficient knowledge or information to form a belief as to the truth of all other allegations of Paragraph 15 of the Complaint and therefore denies those allegations.

16.     Auntie Anne's denies the allegations of Paragraph 16 of the Complaint.

17.     Auntie Anne's denies the allegations of Paragraph 17 of the Complaint.

18.     Auntie Anne's admits that Paragraph 18 includes a purported partial screenshot of Auntie Anne's Pretzel Perks Mobile App.   Auntie Anne's lacks sufficient knowledge or information to form a belief as to the truth of all other allegations of Paragraph 18 of the Complaint and therefore denies those allegations.

19.     Auntie Anne's denies the allegations of Paragraph 19 of the Complaint.

20.     Auntie Anne's denies the allegations of Paragraph 20 of the Complaint.

21.     Auntie Anne's lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 21 of the Complaint and therefore denies those allegations.

**Count II**
**(Alleged Infringement of United States Patent No. 8,651,369)**

22.     Auntie Anne's repeats and incorporates by reference its responses to the allegations in Paragraphs 1 through 21 above.

23.     Auntie Anne's admits that the Complaint purports to state claims against Auntie Anne's under the patent laws of the United States, in particular 35 U.S.C. §§ 271, *et seq*., but denies the legal sufficiency of Symbology's claims and allegations.

24.     Auntie Anne's lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 24 of the Complaint and therefore denies those allegations.

25.     Auntie Anne's admits that a purported copy of the '369 Patent, titled "System and Method for Presenting Information about an Object on a Portable Electronic Device," is attached as Exhibit B.   Auntie Anne's denies all remaining allegations of Paragraph 25.

26.      Auntie Anne's lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 26 of the Complaint and therefore denies those allegations.

27.     Auntie Anne's denies the allegations of Paragraph 27 of the Complaint.

28.     Auntie Anne's lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 28 of the Complaint and therefore denies those allegations.

29.     Auntie Anne's admits that the image included in Paragraph 29 appears to be Auntie Anne's product literature.  Auntie Anne's lacks sufficient knowledge or information to form a belief as to the truth of all other allegations of Paragraph 29 of the Complaint and therefore denies those allegations.

30.     Auntie Anne's lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 30 of the Complaint and therefore denies those allegations.

31.     Auntie Anne's lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 31 of the Complaint and therefore denies those allegations.

32.     Auntie Anne's admits that Paragraph 32 includes a purported partial screenshot of Auntie Anne's Pretzel Perks Mobile App.   Auntie Anne's lacks sufficient knowledge or

information to form a belief as to the truth of all other allegations of Paragraph 32 of the Complaint and therefore denies those allegations.

33.     Auntie Anne's denies the allegations of Paragraph 33 of the Complaint.

34.     Auntie Anne's denies the allegations of Paragraph 34 of the Complaint.

35.     Auntie Anne's lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 35 of the Complaint and therefore denies those allegations.

**Count III**
**(Alleged Infringement of United States Patent No. 8,936,190)**

36.     Auntie Anne's repeats and incorporates by reference its responses to the allegations in Paragraphs 1 through 35 above.

37.     Auntie Anne's admits that the Complaint purports to state claims against Auntie Anne's under the patent laws of the United States, in particular 35 U.S.C. §§ 271, *et seq.*, but denies the legal sufficiency of Symbology's claims and allegations.

38.     Auntie Anne's lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 38 of the Complaint and therefore denies those allegations.

39.     Auntie Anne's admits that a purported copy of the '190 Patent, titled "System and Method for Presenting Information about an Object on a Portable Electronic Device," is attached as Exhibit C.  Auntie Anne's denies all remaining allegations of Paragraph 39.

40.     Auntie Anne's lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 40 of the Complaint and therefore denies those allegations.

41.     Auntie Anne's denies the allegations of Paragraph 41 of the Complaint.

42.     Auntie Anne's lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 42 of the Complaint and therefore denies those allegations.

43.     Auntie Anne's admits that the image included in Paragraph 43 appears to be Auntie Anne's product literature.  Auntie Anne's lacks sufficient knowledge or information to form a belief as to the truth of all other allegations of Paragraph 43 of the Complaint and therefore denies those allegations.

44.     Auntie Anne's lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 44 of the Complaint and therefore denies those allegations.

45.     Auntie Anne's lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 45 of the Complaint and therefore denies those allegations.

46.     Auntie Anne's admits that Paragraph 46 includes a purported partial screenshot of Auntie Anne's Pretzel Perks Mobile App.  Auntie Anne's lacks sufficient knowledge or information to form a belief as to the truth of all other allegations of Paragraph 46 of the Complaint and therefore denies those allegations.

47.     Auntie Anne's denies the allegations of Paragraph 47 of the Complaint.

48.     Auntie Anne's denies the allegations of Paragraph 48 of the Complaint.

49.     Auntie Anne's lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 49 of the Complaint and therefore denies those allegations.

## GENERAL DENIAL

Except as expressly admitted herein, Auntie Anne's denies each and every allegation contained in Symbology's Complaint.

## DEMAND FOR JURY TRIAL

Auntie Anne's requests a trial by jury of all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

Auntie Anne's denies that Symbology is entitled to any of the relief sought in its Prayer for Relief.

## AFFIRMATIVE DEFENSES

Auntie Anne's asserts the following affirmative defenses to Symbology's claims. The assertion of an affirmative defense is not a concession that Auntie Anne's has the burden of proving the matter asserted.

## FIRST AFFIRMATIVE DEFENSE

Symbology's Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Auntie Anne's does not infringe and has not infringed any valid and enforceable claim of U.S. Patent No. 8,424,752 ("the '752 Patent"), U.S. Patent No. 8,651,369 ("the '369 Patent"), and/or U.S. Patent No. 8,936,190 ("the '190 Patent") (collectively, "the Asserted Patents") literally, directly, indirectly, contributorily, by way of inducement, or under the doctrine of equivalents.

## THIRD AFFIRMATIVE DEFENSE

The claims of the Asserted Patents are invalid for failure to meet the requirements of the Patent Act, 35 U.S.C. § 1 *et seq.*, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

## FOURTH AFFIRMATIVE DEFENSE

Symbology's claims are barred in whole or in part by prosecution history estoppel.

7

## FIFTH AFFIRMATIVE DEFENSE

Any claim by Symbology for damages is limited under 35 U.S.C. §§ 286, 287, and/or 288. Symbology is barred under 35 U.S.C. § 286 from recovering damages for acts occurring more than six years prior to the date of the filing of the Complaint.  Symbology is further barred by 35 U.S.C. § 288 from recovering costs associated with its action.

## SIXTH AFFIRMATIVE DEFENSE

Symbology is barred in whole or in part under principles of equity, including, but not limited to, laches, prosecution laches, waiver, and/or estoppel.

## SEVENTH AFFIRMATIVE DEFENSE

Symbology cannot prove that this is an exceptional case justifying an award of attorney fees against Auntie Anne's pursuant to 35 U.S.C. § 285.

## EIGHTH AFFIRMATIVE DEFENSE

Symbology is not entitled to injunctive relief because any injury to Symbology is not immediate or irreparable and Symbology has an adequate remedy at law for any claims it can prove.

## COUNTERCLAIMS

Defendant and Counterclaimant Auntie Anne's LLC ("Auntie Anne's"), by and through its attorneys, hereby counterclaims as follows against Symbology, LLC ("Symbology"):

## NATURE AND BASIS OF ACTION

1.      The Counterclaims seek a declaration pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202 that Auntie Anne's does not infringe any valid, enforceable claim of U.S. Patent No. 8,424,752 ("the '752 Patent"), U.S. Patent No. 8,651,369 ("the '369 Patent"),

and U.S. Patent No. 8,936,190 ("the '190 Patent") (collectively, "the Asserted Patents"), and that the Asserted Patents are invalid.

## THE PARTIES

2.      Auntie Anne's is a Pennsylvania limited liability company, with a principal place of business at 48-50 West Chestnut Street, Suite 200, Lancaster, Pennsylvania 17603.

3.      According to Paragraph 3 of Symbology's Complaint, Symbology is a company organized and existing under the laws of Texas and having a principal place of business at 1400 Preston Road, Suite 400, Plano, Texas 75093.

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338, in that this case arises under the United States Patent Act, 35 U.S.C. § 1 *et seq.*

5.      This Court has personal jurisdiction over Symbology because Symbology has submitted to the jurisdiction of this Court by bringing the instant action.

6.      Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400.

## COUNT ONE
## DECLARATION OF NON-INFRINGEMENT OF THE PATENTS-IN-SUIT

7.      Auntie Anne's hereby incorporates by reference and realleges each and every allegation in Paragraphs 1 through 6 above as if fully set forth herein.

8.      By virtue of Symbology's filing of the Complaint herein, an actual controversy exists between Auntie Anne's and Symbology with respect to Auntie Anne's alleged infringement of the Asserted Patents.

9.      Auntie Anne's has not infringed any valid claim of the Asserted Patents literally, directly, indirectly, contributorily, by way of inducement, or under the doctrine of equivalents.

10.     Pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201 *et seq*., Auntie Anne's is entitled to a declaration that the Asserted Patents are not, and have not been, infringed by Auntie Anne's.

**COUNT TWO**
**DECLARATION OF INVALIDITY OF THE PATENTS-IN-SUIT**

11.     Auntie Anne's hereby incorporates by reference and realleges each and every allegation in Paragraphs 1 through 6 above as if fully set forth herein.

12.     By virtue of Symbology's filing of the Complaint herein, an actual controversy exists between Auntie Anne's and Symbology with respect to the validity of the Asserted Patents.

13.     One or more claims of the Asserted Patents are invalid or void for failure to meet the requirements of the Patent Act, 35 U.S.C. § 1 *et seq*., including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

14.     Pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201 *et seq*., Auntie Anne's is entitled to a declaration that the Asserted Patents are invalid.

**RESERVATION OF RIGHTS**

Auntie Anne's reserves the right to add any additional defenses or counterclaims that discovery might reveal.

**PRAYER FOR RELIEF**

WHEREFORE, having fully answered and defended, Auntie Anne's prays that:

(1)     Symbology take nothing by its Complaint;

(2)     Symbology's Complaint be dismissed in its entirety with prejudice and judgment be entered for Auntie Anne's and against Symbology on each and every count of the Complaint;

10

(3)     The Court enter a declaratory judgment that Auntie Anne's does not infringe any valid claim of the Asserted Patents literally, directly, indirectly, contributorily, by way of inducement, or under the doctrine of equivalents;

(4)     The Court enter a declaratory judgment that the Asserted Patents are invalid;

(5)     The Court find this case to be exceptional pursuant to 35 U.S.C. § 285 and award Auntie Anne's its reasonable attorney fees in this action;

(5)     All costs be taxed against Symbology; and

(6)     Auntie Anne's be granted such other different and additional relief as this Court deems just and proper.


Dated:  September 13, 2016                    Respectfully submitted,

                                              /s/    Robert L. Lee
                                              Robert L. Lee (GA Bar No. 443978)
                                              bob.lee@alston.com
                                              **ALSTON & BIRD LLP**
                                              One Atlantic Center
                                              1201 West Peachtree Street
                                              Atlanta, Georgia 30309-3424
                                              Tel.: (404) 881-7000
                                              Fax.: (404) 881-7777

                                              *Attorneys for Defendant*
                                              *Auntie Anne's LLC*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing **AUNTIE ANNE'S LLC'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT** has been forwarded via CM/ECF to all counsel of record on this 13th day of September, 2016.

/s/ *Robert L. Lee*
Robert L. Lee